GEORGE FORSBLAD v. BEVERLY JEAN JEPSON AND OTHERS. RONALD GLASSMAN AND ANOTHER, RESPONDENTS.

195 N. W. 2d 429.

January 28, 1972—No. 42892.

*Briggs & Morgan* and *David J. Spencer,* for appellant.
*Schway & Gotlieb* and *Jerome A. Gotlieb,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

PER CURIAM.

Appeal from summary judgment in favor of defendants Ronald and

---

Rose Glassman, a licensed real estate broker and his wife.[1] The sole issue is whether the pretrial record presented a genuine issue of any material fact which could support a finding that defendant Ronald Glassman, in purchasing real property from defendant Beverly Jean Jepson, had notice of alleged fraud committed by the latter upon plaintiff. We find no evidentiary basis therefor and affirm the judgment.

In 1969, plaintiff, George Forsblad, a 51-year-old bachelor, became romantically involved with defendant Beverly Jepson, a 42-year-old three-time divorcee, and they made plans to be married. Plaintiff advanced large sums of money from his life savings to Mrs. Jepson, including $14,000 which was used to pay off the contract for deed on her home in reliance upon her alleged fraudulent promise that he would become a joint owner of their contemplated future residence. Shortly thereafter, defendant Glassman purchased Mrs. Jepson's home for $12,000—less than the amount paid by Forsblad on the contract for deed and less than the home's market value as shown by Glassman's own records of his subsequent sale of it to an innocent third party. The cash sale to Glassman was initiated by Mrs. Jepson in answer to a newspaper ad placed by Glassman offering to pay cash for homes. Mrs. Jepson has refused to return any funds advanced by plaintiff, and his action against her is still pending and is not involved in this appeal.

Assuming the truth of the facts supporting plaintiff's claim of fraud against Mrs. Jepson, plaintiff argues below and here that from the discovery depositions, a jury, despite unequivocal denials by Glassman, could find that he had either actual or constructive knowledge that someone other than Mrs. Jepson had an interest in her home, entitling plaintiff to relief upon the theory embodied in Restatement, Restitution, § 168(1).[2] The trial court determined that there was no genuine issue as to any material fact supporting plaintiff's claim and granted summary judgment under Rule 56.03, Rules of Civil Procedure.

Bearing in mind that Rule 56.03 is designed to dispose of a specious claim in any type of action, Slezak v. Ousdigian, 260 Minn. 303, 110 N. W. 2d 1 (1961), and that upon the record submitted by the parties all inferences from circumstantial evidence and all doubts must be re-

---

[1] Rose Glassman's only connection with this action is that her husband took the property in both his and her names.

[2] Restatement, Restitution, § 168(1) states: "Where a person holding property in which another has a beneficial interest transfers title to the property in violation of his duty to the other, the transferee holds the property subject to the interest of the other, unless he is a bona fide purchaser." See, also, Minn. St. 513.30.

solved against the movant, without undertaking to determine credibility, Anderson v. Twin City Rapid Transit Co. 250 Minn. 167, 84 N. W. 2d 593 (1957), we are not persuaded that the trial court erred in granting summary judgment.[3] While there is circumstantial evidence which certainly can arouse suspicion of the propriety of a licensed broker's taking advantage of an owner of real estate, the evidence is undisputed that plaintiff and defendant Jepson were complete strangers to Glassman and that the latter's conduct in purchasing the home was not, as a practical matter, inconsistent with that of any potential purchaser who tenders an offer to purchase real estate from a record owner at a bargain price. We know of no authority which would put a purchaser under the circumstances disclosed by this record on notice to affirmatively investigate the motives prompting an owner's aggressive desire to sell her real estate at a bargain price, much less whether someone other than the seller and not disclosed by the title record has a beneficial interest.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3] We are not unmindful that some courts refuse to grant summary judgment where the credibility of a party to the action is in issue. 6 Moore, Federal Practice, § 56.15(4), p. 2367.