CITY OF SAVAGE, Respondent,

v.

Arnold C. VAREY, et al., Orfei & Sons, Inc., Respondents,

Owen Ayres & Associates, Inc., f.k.a. Ellison-Philstrom-Ayres, Inc., Appellant.

No. C2–84–736.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Review Denied Feb. 27, 1985.

Phillip R. Krass, Krass, Meyer, Kanning & Walsten, Shakopee, for City of Savage.

Edward M. Christian, Christian & Gross, Minneapolis, for Arnold C. Varey, et al.

Patrick G. Farnand, Joseph M. Stocco & Assoc., Minneapolis, for Orfei & Sons, Inc.

G. Alan Cunningham, Delmar R. Ehrich, Faegre & Benson, Minneapolis, for appellant.

Heard, considered and decided by WOZ-NIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from the entry of summary judgment in favor of the City of Savage in its action for reformation of a "General Release" signed by all of the parties here as settlement of an earlier action.

Respondents Arnold and Mildred Varey had brought a trespass action for damage to their property resulting from a sewer construction project involving the City, Orfei and Sons (the contractor), and appellant Owen Ayres & Associates. The three defendants each paid $2,000 to the Vareys in

the settlement. The General Release, drafted by Owen Ayres' attorney, discharged not only the Vareys' claims but all claims the defendants might have against each other. The City later brought a claim for arbitration pursuant to its contract with Owen Ayres against that company, which contended that the claim was barred by the release. The trial court granted summary judgment reforming the release. We affirm.

## FACTS

The City in 1977 contracted with appellant's predecessor, Ellison-Philstrom-Ayres [hereafter, Ayres], for architectural and engineering services in connection with the Credit River District Improvement Project, a project involving sewer, street restoration, and utility work. Planning was completed in 1978 and 1979, and the project constructed in 1979 and 1980. Respondent Orfei and Sons was the contractor. Total cost of the mile-long project was around $7 million.

The Vareys, residents of the City and owners of land along the project from whom the City had acquired an easement, brought an action alleging that the City and its contractors had exceeded the bounds of the easement granted, removed 40 trees and failed to replace soil and sod. They asked for actual damages of $10,195, as well as treble damages.

The City denied the claims, and asserted a cross-claim against Ayres and Orfei, alleging that its negligence, if any, was secondary to that of the other defendants. Defendants Ayres and Orfei also cross-claimed, against the City as well as each other. All sought indemnity or contribution for any sums found owing to the Vareys.

The *Varey* action came on for trial on April 26, 1983, but following negotiations a settlement agreement was reached. The parties' understanding of the agreement was set forth on the record. The only mention of the effect of the settlement on cross-claims among the defendants was the following statement by Ayres' attorney:

[MR. HALLS:] "And, secondly, it's understood that all crossclaims and counterclaims are also released by this settlement."

The parties agreed that Halls, co-counsel for Ayres, would prepare a release. In addition to discharging the Vareys' claims, this "General Release" discharged all claims among the defendants, "whether related or unrelated to the present dispute as to law or facts or both * * *." The release purported to cover all claims arising out of the contract, as follows:

" ... all claims, cross-claims, and counterclaims which were asserted or which could have been asserted in connection with each of the other defendants' (and Owen Ayres') services, labor, material or material furnished, or agreements made, or acts of carelessness or neglect, in connection with that certain construction project known as the Credit River District Improvements Project performed on the property of the Plaintiffs in Savage, Minnesota."

The release was signed by all parties, including officials of the City.

The City later made a petition for arbitration of claims against Owen Ayres arising out of the Credit River Project. This petition, which is dated June 24, 1983, lists fourteen separate grievances, only one of which concerns the Varey claim. Total damages alleged are $655,872.09.

The petition for arbitration was required by the City's contract with Owen Ayres, which provided that "any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration * * *."

Both parties have submitted affidavits from the attorneys involved in the *Varey* settlement negotiations. The City's attorney states that the negotiations at no time included any claims other than those made by the Vareys. This position is supported by the attorneys for the Vareys, and for Orfei, the other *Varey* defendant. Neither of these parties contests the reformation of the release.

The attorneys for Owen Ayres state that it was agreed that a "broad form" release would be drafted releasing "all claims." Each states that the General Release conforms to his understanding of the intent of the attorneys in arriving at the settlement.

## ISSUES

1. Did the trial court err in ordering summary judgment reforming the release?

2. Are the City's arbitration claims barred by its failure to assert them in the trespass action?

## ANALYSIS

*1. Summary judgment reforming the release*

The trial court found that the settlement discussions on April 26, 1983, were limited to the liability of the *Varey* defendants in that action. It found that the General Release did not conform to the settlement agreement.

■ Reformation of a written instrument is granted if the following is shown:

1) there was a valid agreement between the parties expressing their real intentions;

2) the written instrument failed to express those intentions; and

3) the failure was due to mutual mistake, or a unilateral mistake accompanied by fraud or inequitable conduct of the other party.

*Nichols v. Shelard Nat. Bank*, 294 N.W.2d 730, 734 (Minn.1980).

The trial court found the first two elements required for reformation. Although it did not find the third element—here, unilateral mistake accompanied by inequitable conduct—it summarized the case as follows:

"It is unconscionable to this court how defendant Ayres on April 26, 1983, could conclude that any and all claims that may arise out of the Credit River Sewer Project costing approximately $7 million were summarily released upon the payment of $2,000 by said defendant toward

the total of $6,000 settlement of the Varey claims."

Appellant contends that its attorneys understood the settlement negotiations in *Varey* to include all potential Credit River claims. It claims that they understood Owen Ayres' $2000 contribution towards the settlement released it from all claims on the $7 million project. As the trial court noted, this is inherently incredible, especially as appellant does not assert that any other claims were discussed.

■ On a motion for summary judgment, all inferences from circumstantial evidence and all doubts must be resolved against the moving party. *Forsblad v. Jepson*, 292 Minn. 458, 195 N.W.2d 429 (1972). The court is not required to save the non-moving party by drawing unreasonable inferences. Summary judgment is designed to dispose of specious claims in any type of action, including equitable actions such as reformation. *Id.* at 459, 195 N.W.2d at 430. The court had before it the *Varey* pleadings, the settlement agreement read into the record, and the General Release. The only conclusion to be drawn was that the release did not conform to the agreement.

■ Appellant's claim that there was no inequitable conduct supporting reformation of the release is also without merit. Where a party drafts a written contract after a verbal agreement, and presents it to the other party for signature, there is a representation that the writing conforms to the verbal agreement. *Phillips Petroleum Co. v. Roth*, 186 Minn. 173, 242 N.W. 629 (1932). If this representation is false, the misrepresentation is "inequitable conduct" justifying reformation. *See, id.* at 178, 242 N.W. at 631.

*2. Claim preclusion*

Appellant contends that the City's arbitration claim was barred by its failure to assert it in the *Varey* action. It claims that the General Release it drafted merely

followed this principle in discharging all Credit River claims. Although acknowledging that the contract with the City required arbitration of all claims, it argues that the City waived the arbitration clause by asserting its cross-claim in the *Varey* action.

■ A party may waive an arbitration clause if it commences litigation over arbitrable claims, *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 84 N.W.2d 593 (1957), or defends such claims in a court action, *Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422 (Minn.1980). Neither is the case here.

■ The *Varey* trespass claim was not an action involving contract rights. The City, along with appellant and Orfei, merely asserted cross-claims for indemnity or contribution, based not on the contract but on tort principles of active and passive negligence. Appellant's argument that this constituted a waiver of the right to arbitration on all claims for the entire Credit River Project is without merit.

Appellant's argument that the City was required to bring all of its claims arising out of the Credit River Project along with the *Varey* cross-claim is also without merit. Not only was the arbitration clause a bar to litigating all claims, but the evidence required to try all claims was not the same evidence required to sustain the *Varey* action, *see, McMenomy v. Ryden*, 276 Minn. 55, 148 N.W.2d 804 (1967); in fact, as the trial court noted, that evidence would have overwhelmed the *Varey* trespass claim.

### DECISION

There was no evidence, or reasonable inference from the evidence, presenting a genuine factual issue barring summary judgment. Reformation of the release was properly granted. The City's arbitration claims are not barred by its failure to assert them in the trespass action.

Affirmed.