Debra BAUTCH, Respondent,

v.

RED OWL STORES, INC., Appellant.

No. 48791.

Supreme Court of Minnesota.

April 20, 1979.

---

Hanft, Fride, O'Brien & Harries and William P. O'Brien, Duluth, for appellant.

Edward J. Matonich, Hibbing, for respondent.

Heard before SHERAN, C. J., and PETERSON and TODD, JJ., and considered and decided by the court en banc.

TODD, Justice.

Debra Bautch, a restaurant employee of Red Owl Stores, Inc., was discharged for failure to abide by a company regulation prohibiting employees from eating or drinking restaurant supplies without paying for them. Bautch claimed the company had condoned such practices and sued for wrongful discharge. A jury awarded her damages. We affirm.

The facts are not in dispute. Bautch was hired as a waitress in the restaurant facility of Red Owl's Hibbing store. She became a member of the union. At the time of her employment, it was customary for restaurant employees, including the restaurant manager, to consume minor items of food and drink without paying for them. During her 2 years of employment, Bautch consumed food and drink worth, on the average, $1 per day. Several months prior to the discharge in question, the restaurant manager posted a 5-inch by 7-inch notice by the timeclock which stated:

"ATTENTION

"All employees, including restaurant employees, must purchase all food and beverages.

"Any employee who violates this policy will be subject to dismissal and possible criminal action.

"Management"

Despite the posting of this notice, the manager and the other restaurant employees continued their past practice of consuming various items of food without paying for them. Bautch was never directly advised to discontinue the practice. A new store manager called Bautch into his office and questioned her regarding the consumption of food and beverages. She candidly admitted her part in so doing. She and the restaurant manager were discharged. Bautch claimed her discharge was wrongful and brought an action for damages, asserting several causes of action. In her complaint, she alleged that she had exhausted her union grievance procedures, and Red Owl did not challenge the allegation except by a general denial to the entire complaint. At the close of plaintiff's case, all of Bautch's causes of action, except her claim for wrongful discharge, were dismissed.

Also at the close of the evidence, Red Owl for the first time indicated to the trial court that the union contract provided for arbitration of grievance procedures, including discharge. The collective bargaining agreement had not been offered in evidence. The trial court decided to submit the issue of wrongful discharge to the jury, which returned a verdict for Bautch. At a posttrial motion, Red Owl specifically raised the issue of the failure to exhaust the grievance procedures. The trial court rejected this argument on the grounds that it was not timely.

The issues raised are:

(1) Did Red Owl waive its right to arbitration by failing to raise this issue until after all the evidence in the case had been submitted?

(2) Did the trial court err in submitting to the jury the question of whether plaintiff was justified in taking the food and drink without paying for it?

■ 1. Red Owl argues that the issue of wrongful discharge should have been arbitrated under the grievance procedure set forth in the collective bargaining agreement. It was incumbent upon Red Owl to raise this issue immediately in the interests of effective judicial administration. This court has consistently held that parties who do not expeditiously challenge trial court proceedings on the grounds of failure to exhaust remedies under a collective bargaining agreement will be deemed to have waived their right to arbitration. See, *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 84 N.W.2d 593 (1957); *Skeim v. Independent School Dist. No. 115*, 305 Minn. 464, 234 N.W.2d 806 (1975); and *Ellerbrock v. Board of Education, Sp. Sch. Dist. No. 6*, 269 N.W.2d 858 (Minn.1978). In the *Ellerbrock* case, we stated (269 N.W.2d 863):

"Despite our conclusion that petitioner should have utilized the grievance machinery contained in the Master Agreement, her failure to do so is not devastating, because respondent did not object to the issuance of the writ below on this ground. * * * Respondent admitted at the oral argument that it never specifically requested dismissal on this ground. Thus, we are compelled to hold that it waived its right to force petitioner to arbitrate her grievance."

The facts of this case compel the same result, and we hold that Red Owl has waived its right to demand arbitration under the collective bargaining agreement.

■ 2. Red Owl argues that the trial court should not have permitted the jury to consider whether plaintiff was justified in taking the food and drink without paying for it. Red Owl states that, as a matter of law, its policy was expressed in the 5-inch by 7-inch notice near the timeclock and that Bautch could be discharged for violating that policy, even though the manager, Esther Edmonds, condoned such conduct and violated the policy herself.

The trial court instructed the jury:

"Now, the only issue here, therefore, is: Did the company in any way surrender or give up its right to fire her because of what she told you on the stand of what the practice had been among the employees and among herself and the fact that she didn't think that the company was serious, I guess, or was enforcing the rule.

"The only issue is: Did this justify her in doing what she did, and did it not justify the company for doing what it did. That's the whole issue here."

Under the facts of this case, we hold that the instructions were proper and that the verdict is justified by the evidence.

■■ An employer's condonation of an employee's wrongful conduct is a mitigating factor which may cause the employer to waive its right to discharge the employee on the basis of such misconduct. *Fulton v. Tennessee Walking Horse Breeder's Assn.*, 63 Tenn.App. 569, 476 S.W.2d 644 (1971). *Cf. Ortiz v. Unemployment Ins. Appeal Bd.*, 317 A.2d 100 (Del.1974). The jury was therefore entitled to consider the fact that Red Owl had never enforced the policy and that management had acquiesced in the violation of the express policy set forth in the 5-inch by 7-inch notice.

■■ In addition, discharge on the basis of alleged disobedience or insubordination is wrongful if the employer's policy or rule is vague and uncertain. See, *Bang v. International Sisal Co.*, 212 Minn. 135, 139, 4 N.W.2d 113, 115 (1942). The rationale is that there can be no disobedience in the first instance if there is no clear prohibition of the conduct. In the present case the jury could consider the fact that Red Owl, through its management, engaged in activities that implicitly negated the express policy set forth in the 5-inch by 7-inch notice. Red Owl said one thing and did another. Therefore, the jury could find that the plaintiff was not disobedient because there was no clear prohibition against the free taking of food and drink.

Affirmed.