**NCR CREDIT CORPORATION, Respondent,**

v.

**PARK RAPIDS LEASING ASSOCIATES, defendant and third-party plaintiff, Respondent,**

v.

**NCR CORPORATION, third-party defendant, Appellant.**

No. C7-84-408.

Court of Appeals of Minnesota.

June 26, 1984.

Edward F. Klinger, Moorhead, for appellant.

Bruce D. Johnson, Fargo, N.D., for NCR Credit Corp.

Donald R. Hansen, Fargo, N.D., Mark Thomason, Park Rapids, for Park Rapids Leasing Assoc.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant appeals the trial court's denial of its motion to dismiss or stay a third-party action pending arbitration. We affirm.

## FACTS

Appellant is NCR Corporation, the third-party defendant below. Plaintiff is NCR Credit Corporation, a wholly owned and controlled subsidiary of NCR Corporation and assignee of the contract that is the subject of this lawsuit. Respondent Park Rapids Leasing Associates is a partnership comprised of several doctors employed by the Park Rapids-Walker Clinics, Ltd.

NCR Credit Corporation commenced this lawsuit to collect $72,279.33 allegedly due under the terms of a lease between NCR and Park Rapids Leasing Associates whereby NCR agreed to supply equipment and programs necessary to operate a computer system at the Park Rapids and Walker Clinics and respondent agreed to monthly payments over a five year period. After making the first payment, respondent

stopped further payment, ceased use of all equipment, and advised NCR to pick up the equipment. Respondent contends that NCR Corporation, with intent to deceive, made fraudulent and false representations about the capabilities of the computer system which induced them to enter into the lease. Appellant demands arbitration.

## ISSUE

Did the lease between the parties include fraud in the inducement of the agreement as a subject of arbitration?

## ANALYSIS

NCR drafted its "Universal Agreement" including the following arbitration clause:

DISPUTES—Any controversy or claim, including any claim of misrepresentation, arising out of or related to this Agreement and/or any contract hereafter entered into between NCR and Customer or the breach thereof, or the furnishing of any equipment or service by NCR to Customer, shall be settled by arbitration. The arbitration shall be conducted by a single arbitrator under the then current rules of the American Arbitration Association. The arbitrator shall be chosen from a panel of persons knowledgeable in business information and data processing systems. The decision and award of the arbitrator shall be final and binding and the award so rendered may be entered in any court having jurisdiction thereof. The arbitration shall be held and the award shall be deemed to be made in the city where the NCR district office procuring the order is located.

■ Respondent alleges a tort committed by NCR Corporation in fraudulently inducing it to enter the contract. The above language does not cover conduct prior to the agreement. Absent language evincing a clear intent by the parties to arbitrate the issue of "fraud in the inducement," the issue is for the court to decide as a matter of law. *Atcas v. Credit Clearing Corp. of America*, 292 Minn. 334, 197 N.W.2d 448 (1972).

■ Furthermore, the conduct of a party in starting a lawsuit in the face of an arbitration clause is a waiver of the right to arbitrate. *Independent School Dist. No. 35 v. A. Hedenberg & Co.*, 214 Minn. 82, 7 N.W.2d 511 (1943). Here NCR Credit Corporation started the lawsuit for collection purposes and elected state court action in lieu of arbitration.

## DECISION

The decision of the trial court is affirmed.