COUNTY OF HENNEPIN, Metropolitan
Medical Center, Inc., et al., M.A.
Mortenson Company, Respondents,

v.

ADA–BEC SYSTEMS, Defendant.

INSURANCE COMPANY OF NORTH
AMERICA, et al., Defendants and
Third Party Plaintiffs, Appellants,

v.

MEDICAL FACILITIES ASSOCIATES–
GENERAL, etc., Third Party
Defendant, Respondent,

S.C. Smiley & Associates, et al., Third
Party Defendants,

Close Associates, Inc., Third Party
Defendant, Respondent.

No. C6–86–758.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Review Denied Dec. 17, 1986.

Michael T. Nilan, David K. Ryden, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for County of Hennepin.

J. David Jackson, Dorsey & Whitney, Minneapolis, for Metropolitan Medical Center, Inc., et al.

John Morgan, Minneapolis, for M.A. Mortenson Company.

Larry A. Hanson, Malcolm G. MacDonald, G.F. Gallagher, Moore, Costello & Hart, Saint Paul, for Insurance Company of North America.

Thomas D. McCormick, Cousineau, McGuire, Shaughnessy & Anderson, St. Louis Park, for Medical Facilities Associates-General.

Lowell J. Noteboom, Leonard, Street & Deinard, Minneapolis, for Close Associates, Inc.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FORSBERG, Judge.

Insurance Company of North America and Canadian General Insurance Company (the sureties) appeal from an order denying their motion to stay further proceedings pending arbitration of the claims between Hennepin County and the sureties.

## FACTS

This action arose out of the construction of hospital facilities by Hennepin County and Metropolitan Medical Center (MMC). Hennepin County and MMC contracted with Ada-Bec Systems for the construction and installation of a "delivery system" for hospital reports, supplies, and specimens. The contract between Hennepin County and Ada-Bec contained an arbitration clause which provided that "all claims, disputes, and other matters arising out of or relating to this contract or the breach thereof * * * shall be decided by arbitration * * *."

The sureties executed a performance bond for Ada-Bec on each of its contracts to construct the delivery system. In March 1976, Ada-Bec ceased work on its contracts with Hennepin County and MMC. The sureties undertook to complete performance and construction of the delivery system.

In June 1979, plaintiff hospitals and Hennepin County began this action against Ada-Bec and the sureties, alleging breach of contract. The sureties answered, raising the arbitration clause as a defense against Hennepin County. Hennepin County's motion to strike the arbitration defense was denied in Hennepin County District Court on February 7, 1980. At that time, the sureties did not move to stay the proceedings, apply for arbitration, or move to compel arbitration.

The sureties contend the parties agreed that Hennepin County could participate in ongoing discovery proceedings concerning the remaining parties to the court action. The sureties further contend that allowing such discovery was not a waiver of their claim that Hennepin County was required to arbitrate its claim against the sureties. Hennepin County acknowledges only agreeing that review of the sureties' documents in Montreal would not constitute a waiver of the arbitration defense.

Hennepin County and the sureties participated in discovery between that time and Hennepin County's filing of a notice of readiness for trial in August 1985. The sureties then filed a notice of non-readiness, claiming that Hennepin County's claims against them had to be resolved through binding arbitration. Finally in January, 1986, the sureties moved to stay all proceedings by Hennepin County pending arbitration of the claims. The trial court denied the motion, ruling that the sureties had, by their conduct, waived their arbitration defense.

## ISSUE

Did the trial court err in determining that the sureties waived their right to arbitrate Hennepin County's claims against them?

## ANALYSIS

■ The order appealed from is a denial of the appellant sureties' motion to stay court proceedings pending arbitration. Minn.Stat. § 572.09(a) provides that an appeal may be taken from an order denying an application to compel arbitration. Because this order effectively operates as a denial of arbitration, it is the functional equivalent of an order to compel arbitration and is appealable. *See Town of Danvers v. Wexler Construction Co., Inc.*, 12 Mass. App. 160, 422 N.E.2d 782, 783 n. 3 (1981).

Respondent Hennepin County claims that the appellants have waived their right to arbitration by waiting six years to move for arbitration and because they actively participated in litigating this lawsuit. We do not agree. Arbitration is favored in Minnesota as a means of conflict resolution. *Grover-Dimond Associates, Inc. v. American Arbitration Association*, 297 Minn. 324, 327, 211 N.W.2d 787, 788 (1973). The Minnesota Arbitration Act, Minn.Stat. § 572.08, (1984), has traditionally been construed and applied liberally to foster the policy aim of non-judicial dispute settlement. *Dunshee v. State Farm Mutual Auto Ins. Co.*, 303 Minn. 473, 478, 228 N.W.2d 567, 570 (1975).

■ In Minnesota, the right to arbitration may be waived. *City of Savage v. Varey*, 358 N.W.2d 102, 106 (Minn.Ct.App. 1984). "A party may waive an arbitration clause if it commences litigation over arbitrable claims * * * or defends such claims in a court action * * *." *Id.* The key to a valid claim of waiver is the intent of the party to be charged.

While the term "waiver" is not susceptible of precise definition, for the purpose of reviewing the trial court's decision upon this appeal where the defense was interposed and considered as working a forfeiture of Thorsen's right to compel arbitration of its fee dispute, it can be defined simply as a voluntary relinquishment of a known right. * * * Even though many years of unexplained delay followed the initial fee dispute, there are no facts in the record supporting Thorsen's voluntary relinquishment of its contractual right to arbitrate.

*Har Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 156–57, 218 N.W.2d 751, 756 (1974).

■ Applying this definition to the facts here presented, we must hold that the trial court's factual conclusion cannot be sustained. There are no facts supporting appellants' voluntary relinquishment of their contractual right to arbitrate. Indeed, appellants' initial answer in this action asserting arbitration as a defense, rebuts any inference of waiver that would otherwise be drawn from the mere assertion of an answer. *Bautch v. Red Owl, Inc.*, 278 N.W.2d 328 (1979) (waiver implied where trial court proceeding not expeditiously challenged).

■ The record reflects an unchanging intention on the appellants' part to retain the right to arbitrate. They at no time acted inconsistently with the notion that they considered the arbitration clause as still effective. Allowing respondent to participate in discovery is consonant with the flexibility inherent in the arbitration process and was not a waiver. Appellants had a right to conduct discovery without jeopardizing their arbitration right because litigation was continuing with other parties on other claims in this suit. Finally, appellants' delay in requesting arbitration does not constitute a waiver. *Har Mar* at 756.

Respondent is party to a valid arbitration agreement prepared by the county itself. As a successor in interest to Ada-Bec, appellants have a contractual right to avail themselves of that agreement. They are entitled to an order from the district court staying its proceedings pending arbitration.

## DECISION

The trial court erred in denying a motion to stay proceedings pending arbitration

where appellants asserted an arbitration defense in their answer and an intent to waive arbitration was not shown.

Reversed and remanded.