Patrick HUGHES, et al., Appellants,

v.

John LUND, et al., Defendants,

Auto-Owners Insurance Company,
Respondent.

No. C7-99-431.

Court of Appeals of Minnesota.

Dec. 28, 1999.

Richard J. Thomas, Bryon G. Ascheman, Burke & Thomas, St. Paul, MN; and Dennis Atchison, Malone, Atchison, & Henning, Bloomington, MN (for appellants).

Mark A. Pilney, Lars C. Erickson, Reding & Pilney, Oakdale, MN (for respondent).

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and PETERSON, Judge.

## OPINION

RANDALL, Judge.

Appellants attempted to bring suit in district court for uninsured motorist benefits for injuries sustained in a motor vehicle accident. The district court granted respondent's motion for summary judgment, ruling that the six-year statute of limitations had run on appellants' claim for uninsured motorist coverage. Appellants argue the district court erred because (1) the statute of limitations does not begin to run until arbitration has been demanded and rejected by respondent, and (2) respondent is estopped from asserting a statute of limitations defense because of respondent's claims representative's alleged statements that appellants had properly preserved their claim. We affirm in part and reverse in part.

## FACTS

On January 17, 1992, appellant Patrick Hughes was a passenger in a motor vehicle owned and driven by Douglas Rykel that was rear-ended by an uninsured vehicle owned by Juanita Houle and driven by John Lund. At the time of the accident, Rykel's vehicle was insured by respondent Auto–Owners Insurance Company.

On December 18, 1997, Nancy Drontle, a legal assistant employed by appellants' counsel, contacted Sue Norwig, an Auto–Owners claims representative, to discuss appellants' claim for uninsured motorist coverage. The parties dispute the substance of the conversation. According to Drontle, she advised Norwig that appellants would be demanding the uninsured motorist policy limit of $100,000 for their claim and that they were in the process of commencing action against Houle, Lund, and Auto–Owners. Drontle claims that Norwig stated she would accept service of process on behalf of Auto–Owners and, for the first time, advised Drontle that Rykel's policy contained an arbitration clause. Drontle told Norwig that Auto–Owners would have an indefinite period of time to answer the summons and complaint. During the conversation, Drontle also asked Norwig for a copy of the insurance policy. The next day, Drontle drafted and sent a letter to Norwig memorializing their conversation and included a copy of the summons and complaint.

Norwig, on the other hand, denies that she ever agreed to accept service of process on behalf of Auto–Owners and states that she never possessed the authority to accept service of process on behalf of Auto–Owners.

Appellants filed their summons and complaint in Washington County District Court on December 22, 1997. Auto–Owners answered appellants' complaint on February 5, 1998, alleging that (1) the district court lacked jurisdiction, (2) the complaint failed to state a cause of action against Auto–Owners, (3) the complaint was barred by the applicable statute of

limitations, and (4) appellants were not entitled to uninsured benefits. Auto–Owners claims it did not provide written acknowledgment of service of process because the summons and complaint did not contain the required notice of acknowledgment of service by mail form.

On August 20, 1998, after participating in discovery, Auto–Owners moved for summary judgment, arguing that appellants' claims were barred by the six-year statute of limitation because they had neither commenced suit properly nor demanded arbitration in writing as required by Auto–Owners' policy. Appellants countered, arguing that Auto–Owners was estopped from claiming the statute of limitations defense because of Norwig's actions and statements.

On January 12, 1999, the district court granted Auto–Owners's summary judgment motion, ruling that appellants' uninsured motorist claim was barred by the six-year statute of limitations for contract actions contained in Minn.Stat. § 541.05, subd. 1(1) (1998). The court held that appellants' cause of action accrued on the date of the accident. The court also ruled that appellants' attempted service by mail was ineffectual because they failed to comply with the requirements of Minn. R. Civ. P. 4.05, and Auto–Owners never returned the acknowledgment of service form as required by the rule. The court rejected appellants' equitable estoppel claim, ruling that, as a matter of law, Minnesota courts have not allowed the doctrine of equitable estoppel to remedy insufficient service of process.

## ISSUES

1. Did appellants waive their right to arbitration by commencing suit in district court without first demanding arbitration?

2. Did the district court err when it concluded that appellants' claim for uninsured motorist claims was barred by the six-year statute of limitations?

## ANALYSIS

On appeal from summary judgment, this court determines whether any genuine issues of material fact exist and whether the district court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). "[T]he reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). All inferences must be resolved in favor of the nonmoving party. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 897 (Minn.1996).

Auto–Owners argues that appellants waived any right to arbitration by initiating this lawsuit in district court and then waiting for more than six years to claim any right to arbitration. Resolution of this issue turns on whether appellants *properly commenced* its district court action against Auto–Owners.

Arbitration is favored as a means of conflict resolution, but the right to arbitration may be waived. *County of Hennepin v. Ada–Bec Sys.*, 394 N.W.2d 611, 613 (Minn.App.1986), *review denied* (Minn. Dec. 17, 1986). The key to a valid claim of waiver is the intent of the party charged, along with an action of the party resisting waiver inconsistent with the right of arbitration and prejudice to the party asserting waiver. *Preferred Fin. Corp. v. Quality Homes, Inc.*, 439 N.W.2d 741, 743 (Minn.App.1989). "[T]he conduct of a party in starting a lawsuit in the face of an arbitration clause is a waiver of the right to arbitrate." *NCR Credit Corp. v. Park Rapids Leasing Assocs.*, 349 N.W.2d 867, 868 (Minn.App.1984) (citation omitted); *see also City of Savage v. Varey*, 358 N.W.2d 102, 106 (Minn.App.1984) (holding "[a] party may waive an arbitration clause if it commences litigation over arbitrable claims" (citing *Anderson v. Twin City Rapid Transit Co.*, 250 Minn. 167, 180, 84 N.W.2d 593, 602 (1957)), *review denied* (Minn. Feb. 27, 1985)).

The district court ruled that appellants failed to effect proper service under Rule 4.05 and did not properly commence suit against Auto–Owners.

 Minn. R. Civ. P. 4.05 provides:

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

The rule requires strict compliance with procedure, and "[s]ervice by mail is ineffectual if the sender does not receive an acknowledgment." *Leek v. American Express Property Cas.*, 591 N.W.2d 507, 509 (Minn.App.1999) (citation omitted), *review denied* (Minn. July 7, 1999).

 Here, it is undisputed that appellants did not include an acknowledgment form and self-addressed, postage-prepaid, return envelope and that Auto–Owners did not acknowledge service under the rule. By the unambiguous language contained in Rule 4.05, appellants' attempted service by mail was ineffectual. Because appellants' attempted service was ineffectual, the district court action was a nullity. We note that respondent took full advantage of appellants' faulty service. They argued that it was faulty and that appellants missed the six-year applicable statute of limitations. Respondent prevailed on that issue. We agree with respondent on that issue. Thus, we conclude that because respondent pointed out appellants' failure to commence a lawsuit, respondent cannot now argue that appellants waived their right to demand arbitration (under the Auto–Owners's policy) by "commencing a lawsuit."

Auto–Owners argues that appellants waived their right to arbitration by commencing a lawsuit in district court. But we agree with Auto–Owners, as AutoOwners urges, that appellants never did commence a lawsuit. Thus, by not commencing a lawsuit, they did not waive their right to arbitration.

Next, we must determine whether the district court correctly ruled that appellants' cause of action is barred by the six-year statute of limitations governing contract actions. Appellants insist that the six-year statute of limitations does not begun until arbitration is demanded by the insured and rejected by the insurer.[1] Auto–Owners argues that the statute of limitations began to run on the date of the accident.

 The statute of limitation starts to run against a cause of action from the moment the cause of action accrues or can be commenced. *Karels v. American Family Mut. Ins. Co.*, 371 N.W.2d 617, 619 (Minn.App.1985), *aff'd*, 381 N.W.2d 441 (Minn.1986). In Minnesota, a claim for uninsured motorist coverage is governed by six-year statute of limitations contained in Minn.Stat. § 541.05, subd. 1(1) (1998). *See Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 26 (Minn.1998). Generally, the statute of limitations on a claim for uninsured motorist coverage commences on the date of the accident. *Id.* at 27. But where the insured seeks to arbitrate claims under an arbitration clause in the policy, the six-year statute of limitations "does not begin to run until there has been both a demand and a refusal to arbi-

---

1. We reject Auto–Owners's argument that this claim may not be considered on appeal because it is a new issue raised for the first time on appeal. *See Chatfield v. Sherwin–Williams Co.*, 266 N.W.2d 171, 176 (Minn.1978) (refusing to consider issue not presented to district court and raised for first time on appeal). This issue was presented to and passed on by the district court and is, therefore, properly before us on appeal. *Cf. Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (holding reviewing court generally will not consider issue not presented to and passed on by district court).

trate." *Spira v. American Standard Ins. Co.*, 361 N.W.2d 454, 457 (Minn.App.1985) (citing *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 155, 218 N.W.2d 751, 755–56 (1974)), *review denied* (Minn. 1998).

In *Spira*, this court recognized that the six-year statute of limitations for contracts applies to an action for uninsured motorist claims, but held that, under *Har–Mar*, "[a]n 'action,' as defined in the 6–year statute of limitations, is confined to judicial proceedings." *Spira*, 361 N.W.2d at 457 (citation omitted). The court held that "[i]n arbitration proceedings, the 6–year limitations statute does not begin to run until there has been both a demand and a refusal to arbitrate." *Id.* (citation omitted).

Later, in *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439 (Minn.1986), the Minnesota Supreme Court explicitly approved of the reasoning adopted by this court in *Spira*. In that case, plaintiff, a minor, brought an underinsured motorist claim against her father's liability carrier. *Id.* at 439–40. Plaintiff argued that her cause of action accrued when the insurer refused to pay, thereby breaching the contract. *Id.* at 440. The supreme court noted that her cause of action was to establish an implied-in-law contract for underinsured motorist coverage. *Id.* The court reversed the decision of the district court, holding that "the statute of limitations begins to run from the date of the auto accident causing the injury." *Id.* at 441. In a footnote, the supreme court rejected plaintiff's reliance on *Spira*, noting that in *Spira*, the uninsured coverage was not implied, but was in the policy when issued and that

> [b]ecause neither in the policy nor in the statutes was there a limitation period for the bringing of arbitration claims, the court of appeals correctly held, following [*Har–Mar*] that time did not begin to

run *until the arbitration claim was made and denied.*

*Id.* at n. 3 (emphasis added).

The decision in *O'Neill* supports the holding in *Spira*. Respondent's reliance on *Weeks* is misplaced. *Weeks* involved a judicial proceeding, not an arbitration clause, and the holding in *Weeks* revolved around the fact that the insurance policy there did not contain an arbitration clause. The policy here did.

Simply put, if the insured seeks to arbitrate a claim pursuant to an arbitration clause in the policy, the statute of limitations on plaintiff's claim does not begin to run until there has been a demand and refusal to arbitrate. *Spira*, 361 N.W.2d at 457.

■ Because the policy in question contains an arbitration clause with no independent restriction on when arbitration can be demanded, under *Spira*, the six-year statute of limitations on appellants' claim for arbitration does not commence until there has been a demand and refusal to arbitrate. During oral argument, the parties agreed that the demand for arbitration and refusal in this case did not occur until the summer of 1999. Thus, we conclude that the six-year statute of limitations has not elapsed on appellants' cause of action. Given our resolution of this issue, we need not address appellants' estoppel claim.

## DECISION

The right to demand arbitration under an automobile insurance policy is not defeated by the normal waiver attached to starting a lawsuit, where the party claiming the right to arbitrate does not start a lawsuit. Where the policy contains a specific arbitration clause, and there is no contractual restriction on when arbitration must be demanded, the six-year statute of limitations on arbitration of claims does

not commence until there has been a demand and refusal to arbitrate.

**Affirmed in part and reversed in part.**