**Lisa FEDIE, Respondent,**

**v.**

**MID-CENTURY INSURANCE COMPANY, Appellant.**

**No. C9-01-318.**

Court of Appeals of Minnesota.

July 31, 2001.

Gary T. LaFleur, Babcock, Neilson, Mannella, LaFleur & Klint, Anoka, for respondent.

James A. Jardine, Votel, Anderson & McEachron, St. Paul, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, STONEBURNER, Judge, and LINDBERG, Judge.*

## OPINION

STONEBURNER, Judge.

Appellant Mid-Century Insurance Company appeals from the district court's order confirming an arbitration award, alleging that the district court abused its discretion by allowing respondent Lisa Fedie to amend her complaint to request mandatory arbitration of her claim for underinsured-motorist benefits and by ordering the parties to arbitration. Fedie argues that Mid-Century's failure to appeal the order compelling arbitration precludes this appeal. Because an order compelling arbitration is not appealable and because the record supports the district court's finding that Mid-Century would suffer no prejudice by allowing Fedie to amend her complaint, we affirm.

## FACTS

Respondent Lisa Fedie sought underinsured-motorist benefits under her insurance policy with appellant Mid-Century Insurance Company for injuries she sustained in an accident that occurred on August 28, 1996. The policy contained the following arbitration clause:

> If an insured person and we do not agree (1) that the person is legally entitled to recover damages from the owner or operator of an underinsured motor vehicle, or (2) as to the amount of payment under this Part, either that person or we may demand that the issue be determined by arbitration.
>
> * * * *
>
> Submission to arbitration is mandatory in all cases where a claim is made by an insured person in an amount of $5000 or less and the amount is in dispute.

Fedie initially read the clause as restricting mandatory arbitration to claims of $5,000 or less. In correspondence with Mid-Century, Fedie mentioned the possibility of arbitration but made no request or demand for arbitration prior to initiating suit on September 1, 1998. The complaint did not contain a demand for arbitration. Mid-Century answered on the merits and did not raise the issue of arbitration. In the summer of 1999, Fedie became aware that several district courts had interpreted this type of arbitration clause to require arbitration of all underinsured claims on demand. Fedie formally demanded arbitration by letter dated July 29, 1999. A Scheduling Order was issued on August 16, 1999, establishing a discovery deadline of November 1, 1999 and setting the matter for a court trial on February 28, 2000. Mid-Century declined the arbitration demand, asserting that Fedie waived the right to arbitration by initiating the lawsuit. By motion dated September 28, 1999, Fedie moved to amend the complaint to add a demand for binding arbitration. After a hearing on October 22, 1999, the district court granted the motion to amend, ordered the parties to binding ar-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

bitration, and dismissed the lawsuit without prejudice.

The arbitration was held on April 27, 2000. The neutral and Fedie's arbitrator ordered $101,274.96 in various benefits. Mid-Century's arbitrator refused to sign the award. The parties brought cross-motions to confirm and vacate the award. By order filed December 14, 2000, the district court found that Fedie had demanded arbitration prior to putting the matter into suit and confirmed the award. Mid-Century appeals, arguing that the district court clearly erred by finding that Fedie demanded arbitration before starting her lawsuit. Mid-Century asserts that because Fedie did not demand arbitration prior to suit or in her original complaint, the district court abused its discretion by allowing Fedie to amend her complaint to add the demand and by ordering the parties to binding arbitration more than a year after the suit was initiated. Fedie argues that Mid-Century waived its right to appeal by failing to appeal from the order compelling arbitration.

## ISSUES

1. Did Mid-Century waive its right to appeal by failing to appeal from the order compelling arbitration?
2. Did the district court abuse its discretion by allowing Fedie to amend her complaint to add a demand for arbitration?

## ANALYSIS

### I.

■ Fedie argues that dismissal of the lawsuit without prejudice operated as an adjudication on the merits pursuant to Minn. R. Civ. P. 41.02 because it was an "involuntary dismissal." This argument is without merit. The rule provides that an involuntary dismissal is an adjudication upon the merits "[u]nless the court specifies otherwise in its order," which is precisely what the district court did by specifying that the dismissal was without prejudice. *See* Minn. R. Civ. P. 41.02.

■ Mid-Century relies on language from *County of Hennepin v. Ada-Bec Sys.*, 394 N.W.2d 611 (Minn.App.1986), *review denied* (Minn. Dec. 17, 1986), to support its assertion that an order compelling arbitration is appealable. *Ada-Bec* involved an appeal from a denial of a motion to stay court proceedings pending arbitration. *Id.* at 613. This court noted that the Minnesota Uniform Arbitration Act provides for appeal from an order denying an application to compel arbitration. *Id.* (citing Minn.Stat. § 572.09(a) (1984), now codified at Minn.Stat. § 572.26, subd.1 (2000) (listing appealable orders, not including orders to compel arbitration)). The court found that "[b]ecause this order effectively operates as a denial of arbitration, it is the functional equivalent of an order to compel arbitration and is appealable." *Id.* Although the wording of *Ada-Bec* implies that an order to compel arbitration is appealable, it is clear from the context of the statement and the facts of the case that this court was relying on statutory language that makes an order denying an application to compel arbitration appealable. The implication that an order to compel arbitration is appealable is dictum and does not create a right to appeal from such orders. *See* Minn. R. Civ.App. P. 103.03 (listing which judgments and orders are appealable); Minn. R. Civ.App. P. 103.03(j) (indicating appeal may be taken from such other orders or decisions as may be appealable by statute or under decisions of the Minnesota appellate courts). No statute or case law makes an order to compel arbitration appealable. Therefore, Mid-Century did not waive its right to

appeal by failing to appeal from the order compelling arbitration.

II.

Fedie did not demand arbitration prior to initiating the lawsuit and the district court's finding that she made such a demand is clearly erroneous, but, the factual error is not dispositive. Mid–Century argues that because Fedie did not demand arbitration prior to initiating the lawsuit, she has waived her right to demand arbitration. Waiver in general is ordinarily a question of fact, and intent to relinquish a known right is "rarely to be inferred as a matter of law." *Flaherty v. Independent Sch. Dist. No. 2144,* 577 N.W.2d 229, 232 (Minn.App.1998) (citations and quotations omitted), *review denied* (Minn. Jun. 17, 1998).

> Waiver of a contractual right to arbitration is ordinarily a question of fact and determination of this question, if supported by substantial evidence, is binding on an appellate court.

*David Co. v. Jim W. Miller Const., Inc.,* 428 N.W.2d 590, 595 (Minn.App.1988) (quotation omitted), *aff'd,* 444 N.W.2d 836 (Minn.1989); *see, e.g., Har–Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 157, 218 N.W.2d 751, 756 (1974) (finding "trial court's factual conclusion cannot be sustained" where no facts in record support a voluntary relinquishment of known right); *County of Hennepin v. Ada–Bec Sys.,* 394 N.W.2d 611, 613 (Minn.App.1986) (quoting language from *Har–Mar* and finding "trial court's factual conclusion cannot be sustained" where no facts support appellants' voluntary relinquishment of known right), *review denied* (Minn. Dec. 17, 1986); *see also Bast v. Capitol Indem. Corp.,* 562 N.W.2d 24, 29 (Minn.App.1997) (finding no facts suggest voluntary relinquishment of contractual right to arbitrate). Findings of fact shall not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01. If there is reasonable evidence to support the district court's findings of fact, a reviewing court will not disturb those findings. *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn.1999) (citation omitted).

Minnesota favors arbitration as a means of conflict resolution, but the right to arbitration may be waived. *Hughes v. Lund,* 603 N.W.2d 674, 676 (Minn.App. 1999). In *Anderson v. Twin City Rapid Transit Co.,* the transit company appealed from a denial of a motion for summary judgment. *Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 183, 84 N.W.2d 593, 604 (1957). One of the issues addressed in *Anderson* was whether the transit company had waived the right to assert an arbitration provision that was not asserted in their answer or otherwise raised before the motion for summary judgment. *Id.* at 178–79, 84 N.W.2d at 601. Plaintiffs in that case had served a note of issue and demanded a jury trial in January 1955. *Id.* at 179, 84 N.W.2d at 601. The case was set for trial on April 19, 1956, and the transit company moved for summary judgment to be heard following the date on which the case had been set for trial, some 16 months after the suit was initiated. *Id.* The supreme court stated:

> We think under all the circumstances which this controversy presents that, after issue had been joined on the merits without any demand for arbitration or motion for a stay in order that arbitration might be had, it was too late for the defendants to draw back or retrace their steps and compel arbitration. * * *.
>
> When a party who has agreed to arbitrate any controversy that may arise prefers to take a controversy to court in the ordinary way, there comes a time in the course of the litigation when it would

> be unfair to permit one side to resort to arbitration over the protest of the other. That time is reached when the defendant files an answer on the merits, joining with the plaintiff in rejecting arbitration and tendering the controversy to the court for trial.

*Id.* at 181, 84 N.W.2d at 602 (quotations omitted). The supreme court went on to state: "The effect of the waiver by the defendants of the right, if any, to arbitrate is that such alleged right is gone beyond recall." *Id.* at 182, 84 N.W.2d at 603 (citing *Anderson v. M. Burg & Sons, Inc.*, 170 Minn. 53, 57, 212 N.W. 9, 11 (1927) (holding defendant's refusal to recognize contract waived right to assert arbitration required before suit could be brought)).

■ In *Brothers Jurewicz, Inc. v. Atari, Inc.*, the supreme court affirmed the district court's determination that Atari's right to arbitration had been lost where Atari failed to raise arbitration in its answer and participated in litigation for nearly one year without moving the court to stay the proceedings and compel arbitration. *Brothers Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422, 428–29 (Minn.1980). The opinion is based on laches but the analysis is of "laches and waiver." *Id.* at 428. In a footnote, the supreme court noted, with approval, decisions from other jurisdictions requiring a finding of waiver to be based not only upon a finding of intentional relinquishment of a known right but also upon a finding of prejudice to the opposing party:

> Thus, under this modern view, action by the party seeking arbitration which is inconsistent with the right to arbitration is not enough to support a finding of waiver unless such action is accompanied by prejudice to the objecting party.
>
> In this case, granting Atari's request for arbitration would clearly be prejudicial to The Brothers Jurewicz, since it would have undergone the expense and delay of 18 months of litigation only to have the additional burden of having to resolve the dispute in California.

*Id.* at 429 n. 8 (citation omitted). Recent cases have held that prejudice to the party asserting waiver is a requirement to finding waiver. *See Hughes,* 603 N.W.2d at 676 (citing *Preferred Fin. Corp. v. Quality Homes, Inc.*, 439 N.W.2d 741, 743 (Minn. App.1989) (citing *Brothers Jurewicz,* 296 N.W.2d at 428–29 n. 8)).[1]

■ Here, the district court found that Mid–Century would not be prejudiced by allowing Fedie to amend her complaint. Whether a party is prejudiced is a question of fact. *Cf. Hopkins by LaFontaine v. Empire Fire & Marine Ins. Co.*, 474 N.W.2d 209, 213 (Minn.App.1991) (stating whether insurer has been prejudiced by its insured's late notification of suit is a question of fact); *see, e.g., State by Gomez–Bethke v. Eastern Air Lines, Inc.*, 346 N.W.2d 184, 186 (Minn.App.1984) (treating question of prejudice as a question of fact in finding evidence supported findings that employer was substantially prejudiced).

Mid–Century has conceded that it would have engaged in the same preparation for arbitration as for trial and does not assert that arbitration has lengthened the proceedings, which were, in fact, shortened by arbitration. Mid–Century's assertion that the matter was fully ready for trial is inaccurate where the transcript of the hearing on Fedie's motion to amend indicates that the doctors' trial depositions had not been taken. Mid–Century argued to the district court that because the case had

1. *Hughes* does not analyze the issue of prejudice. Because the court in *Hughes* found no lawsuit was commenced, the issue of whether initiating litigation constitutes waiver was not relevant.

lasted for over a year and considerable discovery had taken place

> [t]here is prejudice to us if the case is submitted to arbitration, and obviously it's going to limit our ability and our right to appeal if it's a non-binding arbitration as opposed to a jury decision. * * * [W]hat it really gets down to is the plaintiff feels they can do better with arbitrators. They have been in this court for more than a year, they have taken advantage of the scheduling order and all of the other help we get from the Court, and they have waived their right to arbitration, and we believe we should proceed to trial before a jury.[2]

To support its finding that Mid-Century would not be prejudiced by allowing Fedie to amend the complaint to add a demand for arbitration and an order compelling arbitration, the district court noted that the parties were scheduled to participate in alternative dispute resolution prior to trial and that arbitration is one of the favored means of resolving conflicts in Minnesota. *See Hughes,* 603 N.W.2d at 676 (stating arbitration is favored means of resolving conflicts in Minnesota); *Preferred Fin.,* 439 N.W.2d at 745 (acknowledging purpose behind arbitration is a speedy, inexpensive, and informal means of dispute resolution); *see also Ada-Bec,* 394 N.W.2d at 613 (stating participation in discovery and delay were not enough to show waiver, rather participation in discovery is "consonant with the flexibility inherent in the arbitration process").

The passage of time alone does not constitute sufficient prejudice to require a finding of waiver of the right to arbitrate. *See Har-Mar,* 300 Minn. at 157, 218 N.W.2d at 756. In *Har-Mar,* the six-year statute of limitations prevented suit, but summary judgment on the arbitration demand was inappropriate because there was no time limit on the demand for arbitration and no facts in the record to establish waiver of the right to arbitrate as a matter of law. *Id.* (stating "[e]ven though many years of unexplained delay followed the initial fee dispute, there are no facts in the record supporting Thorsen's voluntary relinquishment of its contractual right to arbitrate"). The court in *Ada-Bec* held that the district court erred in denying a motion to stay proceedings pending arbitration where appellant-sureties asserted an arbitration defense in answer to Hennepin County's complaint but did not move to stay proceedings, apply for arbitration, or move to compel arbitration for over six years. 394 N.W.2d at 612-13.

Mid-Century's challenge to the district court's order confirming the arbitration award is based on the assertion that the district court abused its discretion in allowing Fedie to amend her complaint to add an arbitration demand. None of the prior cases involving waiver of the right to arbitrate have involved a motion to amend the complaint to add a demand for arbitration. The parties agree that the effect of the amendment is that the demand relates back to the original complaint. As counsel for Mid-Century stated at the hearing on the motion to amend, "It's as though we were back in the beginning and he demanded arbitration, as he should have, under the arbitration clause." "We will not reverse a decision to allow the amendment of a pleading absent a clear abuse of discretion." *Rhee v. Golden Home Builders, Inc.,* 617 N.W.2d 618, 621 (Minn.App.2000) (citing *Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980)). Plead-

2. At the time of the hearing, Mid-Century had not requested a jury trial and the matter was set for a court trial.

ings may be amended to assert an affirmative defense, even though an affirmative defense must be pleaded specifically and the failure to do so results in a waiver of the defense. *Id.* "Ordinarily, amendments to pleadings should be freely granted except when prejudice would result to the other party." *Id.* (citing *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993)). "Minn. R. Civ. P. 15.01 authorizes the court to allow an amendment to the pleadings when justice so requires," and the rule gives no time limit for bringing a motion to amend pleadings. *Id.* (quotation omitted).

We find that the record supports the district court's finding that Mid-Century would suffer no prejudice by allowing Fedie to amend her complaint. Mid-Century drafted the arbitration clause that permits either party to demand arbitration. The contract does not limit the time to demand arbitration. Mid-Century admits that its preparation would have been the same for arbitration as for trial, and the matter was resolved more quickly, and, presumably more cheaply, than it would have been in trial.

## DECISION

Mid-Century did not waive its right to appeal by failing to appeal from the order permitting Fedie to amend the complaint to add a demand for arbitration, because that order was not appealable. The district court did not abuse its discretion by finding that because Mid-Century was not prejudiced, Fedie had not waived the right to demand arbitration, or by permitting her to amend the complaint to add a demand for arbitration.

**Affirmed.**