*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1315**

T & R Flooring, LLC,
Respondent,

vs.

Beverly J. O'Byrne, et al.,
Appellants,

Eastwood Bank,
Respondent,

Mac's Plumbing Service, Inc., et al.,
Respondents,

Johnson Comfort Systems, Inc.,
Respondent.

**Filed July 6, 2015
Affirmed in part, reversed in part, and remanded
Klaphake, Judge** [*]

Fillmore County District Court
File No. 23-CV-11-129

Paul H. Grinde, Ryan & Grinde, Ltd., Rochester, Minnesota (for respondent T & R Flooring, LLC)

David W. VanDerHeyden, VanDerHeyden Law Office, P.A., Rochester, Minnesota (for appellants)

Mark E. Fosse, Dunlap & Seeger, P.A., Rochester, Minnesota (for respondent Eastwood Bank)

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Daniel P. Doda, Doda & McGeeney, P.A., Rochester, Minnesota (for respondents Mac's Plumbing Service, Inc., et al.)

Michael J. Tomsche, Tomsche Sonnesyn & Tomsche, P.A., Minneapolis, Minnesota (for respondent Mac's Plumbing Service, Inc.)

Valerie R. Sims, Lommen, Abdo, Cole, King & Stageberg, P.A., Minneapolis, Minnesota (for respondent Boe Electric, Inc.)

Jed J. Hammell, Hammell & Murphy, P.L.L.P., Caledonia, Minnesota (for respondent Johnson Comfort Systems, Inc.)

Considered and decided by Halbrooks, Presiding Judge; Hooten, Judge; and Klaphake, Judge.

## UNPUBLISHED OPINION

**KLAPHAKE**, Judge

In this mechanic's lien foreclosure action, appellant homeowners Beverly and Robert O'Byrne challenge the district court's summary judgment establishing the validity, value, and priority of mechanics' liens against the property. Two of respondent subcontractors challenge the district court's award of attorney fees, costs, and disbursements. We affirm the district court's summary judgment as to the mechanics' liens established by respondents T & R Flooring, LLC, Boe Electric, Inc., and Mac's Plumbing Service, Inc., and the award of attorney fees, costs, and disbursements to Boe Electric and Mac's Plumbing Service. Because there are genuine issues of material fact in dispute regarding respondent Johnson Comfort Systems, Inc.'s last day of work on the property, we reverse the district court's summary judgment as to the validity and value of Johnson Comfort System's mechanic's lien and remand for further proceedings.

**D E C I S I O N**

**I.**

The district court must grant summary judgment if, based on the entire record before the court, there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. We review a grant of summary judgment de novo to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). We view the evidence in the light most favorable to the party against whom summary judgment was granted. *Finn v. Alliance Bank*, 860 N.W.2d 638, 655 (Minn. 2015).

*Prelien Notice*

"Whoever . . . contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery . . . shall have a lien upon the improvement, and upon the land on which it is situated . . . ." Minn. Stat. § 514.01 (2014). Generally, a contractor or subcontractor who contributes to the improvement is required to provide the property owner with a written notice advising the owner of the possibility of a lien being filed against the property to protect the owner from "hidden liens" filed by laborers and materialmen who are "unknown and often unascertainable by the owner." Minn. Stat. § 514.011, subds. 1, 2 (2014); *Pelletier Corp. v. Chas. M. Freidheim Co.*, 383 N.W.2d 318, 321 (Minn. App. 1986) (quotation omitted), *review denied* (Minn. May 16, 1986); *see also Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn. 1982) (stating that the requirement of prelien notice is meant to "remedy the unfairness arising from the

3

foreclosure of mechanics liens on property of unsuspecting owners" (quotation omitted)). The failure to give prelien notice defeats a mechanic's lien. *Merle's Constr. Co. v. Berg*, 442 N.W.2d 300, 302 (Minn. 1989).

The subcontractors did not give prelien notice, but they maintain that they were not required to do so. Prelien notice "shall not be required to be given where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate." Minn. Stat. § 514.011, subd. 4a (2014); *see also Nw. Wholesale Lumber, Inc. v. Citadel Co.*, 457 N.W.2d 244, 249 (Minn. App. 1990) (applying this exception where the property owner acted as the contractor); *Pelletier*, 383 N.W.2d at 322 (same). When an owner acts as his own contractor, the concerns behind the prelien notice requirement are not at issue because "the owner is not unsuspecting" of liens that may arise. *Pelletier*, 383 N.W.2d at 321. The district court determined that prelien notice was not required because the O'Byrnes were both the property owners and the contractors of the property improvements. On appeal, the O'Byrnes do not challenge the determination that Mr. O'Byrne was a contractor. But they argue that prelien notice was required for Mrs. O'Byrne because she was not involved with the improvements and was not a contractor.

Prelien notice need not be served on every person with an interest in the property but must be served on someone with an ownership interest. *See Minn. Wood Specialties, Inc. v. Mattson*, 274 N.W.2d 116, 119 (Minn. 1978). Where no prelien notice is required for an owner under the exception in section 514.011, subdivision 4a, that owner's knowledge of the property improvements can be imputed to others with an ownership

4

interest. Given her husband's status as the contractor, the concerns behind the prelien notice requirement were not at issue. The district court did not err by determining that prelien notice was not required.

### *Johnson Comfort Systems's Last Day of Work*

A mechanic's lien "ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material, or machinery" unless, within those 120 days, a mechanic's lien statement is recorded and served on the property owner. Minn. Stat. § 514.08, subd. 1 (2014). This requirement of recording and service "is strictly construed so that failure to file the lien statement within 120 days after completion of the work defeats the lien." *David-Thomas Cos. v. Voss*, 517 N.W.2d 341, 343 (Minn. App. 1994). In the summary judgment order, the district court stated that Johnson Comfort Systems completed its work on June 14, 2010, and recorded and served a mechanic's lien statement within 120 days on September 20, 2010. The O'Byrnes argue on appeal that the determination of Johnson Comfort Systems's last day of work was a finding on a disputed issue of material fact.

In its summary judgment filings, Johnson Comfort Systems did not list its last day of work as an undisputed fact. Johnson Comfort Systems attached a notarized mechanic's lien statement, which lists the last day of work as June 14, 2010. The O'Byrnes filed an affidavit in which they asserted that Johnson Comfort Systems "[d]id not file lien within the 120 days from last day worked on home" and that "Johnson's last day on the job was May 17th, 2010 when they put the air exchanger control plates on. Their lien was filed on Sept. 20th, 2010, 126 days from last day of work." The O'Byrnes

5

further asserted that they moved into their home on May 20, 2010, and that "[t]he last day anyone worked on the home was May 19th." In their memorandum opposing summary judgment, the O'Byrnes stated that the parties disagreed on "when work was completed."

The district court found that Johnson Comfort Systems's last day of work was June 14, despite the O'Byrnes identifying the last day of work as a disputed issue. Summary judgment may not be granted when there are disputed material facts. *J.E.B. v. Danks*, 785 N.W.2d 741, 747 (Minn. 2010). We therefore reverse the determination that Johnson Comfort Systems has a valid and enforceable mechanic's lien on the O'Byrnes' property, and we remand for further proceedings to determine Johnson Comfort Systems's last day of work.

### Lien Priority

> All liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lienholder had actual notice thereof. As against a bona fide purchaser, mortgagee, or encumbrancer without actual or record notice, no lien shall attach prior to the actual and visible beginning of the improvement on the ground . . . .

Minn. Stat. § 514.05, subd. 1 (2014). Eastwood Bank held three mortgages on the O'Byrnes' property. Two of the mortgages were recorded on November 3, 2009, and the third was recorded on May 18, 2010. The subcontractors maintain that Johnson Comfort Systems began work on the O'Byrnes' property in July 2009, and that Boe Electric began work on October 28, 2009. They further maintain that this work was actual and visible, such that the mechanics' liens attached to the property prior to the mortgages.

At the summary judgment hearing, the parties agreed that Eastwood Bank was conceding that the mechanics' liens are superior to the mortgages if the mechanics' liens are valid. The parties stated that a stipulation was being prepared to permit Eastwood Bank to withdraw from this litigation, and a stipulation to this effect was subsequently signed by the parties and filed. The district court concluded that actual and visible improvement of the O'Byrnes' property began before the mortgages were recorded and that the mechanics' liens are superior to the mortgages. On appeal, the O'Byrnes argue that the district court made findings of material fact at the summary judgment stage regarding when work began. But the O'Byrnes did not dispute priority on summary judgment, and the parties represented to the court that the issue of priority was resolved. We therefore decline to consider the O'Byrnes' appellate arguments regarding priority. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that an appellate court must generally consider only those issues presented to and considered by the district court).

### The O'Byrnes' Counterclaims

In their answers, the O'Byrnes asserted a counterclaim of slander of title against each of the subcontractors, challenging the subcontractors' authority to file mechanic's lien statements to encumber the property. These counterclaims were resolved on summary judgment when the district court determined that the subcontractors had valid and enforceable mechanics' liens. The O'Byrnes also asserted a breach of contract counterclaim against each of the subcontractors, which the district court did not address in its summary judgment order. The O'Byrnes now argue that the district court erred by

7

granting summary judgment when these counterclaims remained unresolved. But the O'Byrnes settled their breach of contract counterclaims against T & R Flooring, Boe Electric, and Mac's Plumbing Service, and a jury trial was held on the breach of contract counterclaim against Johnson Comfort Systems. All of the breach of contract counterclaims have been resolved.

More than a year after the grant of summary judgment, the O'Byrnes moved to amend their answers to Johnson Comfort Systems, Boe Electric, and Mac's Plumbing Service to add counterclaims that those subcontractors' mechanic's lien statements overstated the values of the mechanics' liens. The district court denied that motion, reasoning that the validity, value, and priority of the mechanics' liens was fully decided by summary judgment and that the O'Byrnes were attempting to circumvent the summary judgment decision. The district court stated that the subcontractors had relied on the summary judgment decision for over a year and would be prejudiced if the issue of the values of the mechanics' liens was reopened. The O'Byrnes challenge this decision on appeal.

If a pleading is not amended before a response is served or within 20 days of the pleading's service, "a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Minn. R. Civ. P. 15.01. Leave to amend may be granted even if the amendment changes the legal theory of the case, *Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn. 1989), or asserts a new defense, *Fedie v. Mid-Century Ins. Co.*, 631 N.W.2d 815, 821-22 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). But leave to amend may be

denied if amendment would result in prejudice to the other party. *Marlow Timberland, LLC v. Cnty. of Lake*, 800 N.W.2d 637, 640 (Minn. 2011). "[T]he liberality to be shown in the allowance of amendments to pleadings depends in part upon the stage of the action and in a great measure upon the facts and circumstance of the particular case." *Bebo v. Delander*, 632 N.W.2d 732, 741 (Minn. App. 2001), *review denied* (Minn. Oct. 16, 2001). "The [district] court has wide discretion to grant or deny an amendment, and its action will not be reversed absent a clear abuse of discretion." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993).

Because Boe Electric and Mac's Plumbing Service were entitled to rely on the validity and value of their mechanics' liens following the summary judgment proceeding, the district court did not abuse its discretion by denying the O'Byrnes' motion to amend their answers to those two subcontractors. But because the issue of the validity of Johnson Comfort Systems's mechanic's lien is being reopened for further proceedings, the district court should also reassess whether it may be appropriate to permit the O'Byrnes to challenge the value listed on Johnson Comfort Systems's mechanic's lien statement.

## II.

An award of attorney fees is reviewed for an abuse of discretion. *Cnty. of Dakota v. Cameron*, 839 N.W.2d 700, 711 (Minn. 2013). The reasonable value of attorney fees is a finding of fact by the district court that will be upheld unless clearly erroneous. *Van Vickle v. C. W. Scheurer & Sons, Inc.*, 556 N.W.2d 238, 242 (Minn. App. 1996), *review denied* (Minn. Mar. 18, 1997). An award of costs and disbursements is also reviewed for

an abuse of discretion. *Dukowitz v. Hannon Sec. Servs.*, 841 N.W.2d 147, 155 (Minn. 2014).

### *Attorney Fees*

Attorney fees are recoverable by a prevailing party in a mechanic's lien foreclosure action. *C. Kowalski, Inc. v. Davis*, 472 N.W.2d 872, 878 (Minn. App. 1991), *review denied* (Minn. Sept. 13, 1991).

> [I]t is accepted that the factors to be considered [by a district court when awarding attorney fees] are: time and effort required, novelty or difficulty of the issues, skill and standing of the attorney, value of the interest involved, results secured at trial, loss of opportunity for other employment, taxed party's ability to pay, customary charges for similar services, and certainty of payment.

*Jadwin v. Kasal*, 318 N.W.2d 844, 848 (Minn. 1982) (noting that the district court has a "superior vantage point for observing many of the relevant factors").

Boe Electric moved for an attorney fee award of $27,789.60, and Mac's Plumbing Service moved for an attorney fee award of $25,164.50. The district court awarded each of these subcontractors $12,500 in attorney fees. Boe Electric and Mac's Plumbing Service argue on appeal that the district court failed to consider each of the *Jadwin* factors and abused its discretion by awarding fees for less than the amounts requested. The district court cited the *Jadwin* factors in its order awarding attorney fees. The district court awarded attorney fees that it deemed "reasonable for the establishment of the mechanic's lien claims" and declined to award attorney fees for work done on the settled counterclaims. The district court stated that the amounts awarded were based on "this Court's observations," "the probative evidence" submitted by Boe Electric and Mac's

Plumbing Service, the results achieved and values of the mechanics' liens recovered, the procedural posture of the case, and the fact that none of the claims by or against Boe Electric or Mac's Plumbing Service went to trial.[1] The district court also noted that "awarding no attorney fees . . . would discourage attorneys from handling cases involving smaller mechanic's lien amounts and would discourage lien claimants with valid claims from bringing those claims." Although the district court did not make explicit findings on each of the *Jadwin* factors, caselaw does not require such explicit findings. The district court analyzed the factors that it deemed relevant to this case, and the district court was in the best position to evaluate the appropriate amount of attorney fees. The district court did not abuse its discretion in awarding attorney fees.

### Costs and Disbursements

"In every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred, including fees and mileage paid for service of process by the sheriff or by a private person." Minn. Stat. § 549.04, subd. 1 (2014). "The plain language of the statute . . . creates a mandatory duty for a district court to award a 'reasonable' amount of costs and disbursements to the prevailing party." *Dukowitz*, 841 N.W.2d at 155 (stating that, "while a district court retains discretion to ensure that the amount of costs and disbursements allowed to the prevailing party is reasonable, it does not have discretion to relieve the non-prevailing party of its obligation to pay those costs and disbursements").

---

[1] Boe Electric and Mac's Plumbing Service were deemed to have valid mechanics' liens for $10,694 and $11,481.93 respectively.

In addition to moving for statutory costs, Boe Electric moved for an award of $1,325.21 for costs and disbursements, and Mac's Plumbing Service moved for an award of $1,455.42 for costs and disbursements. The district court awarded each of these subcontractors $100 for mediation fees, Boe Electric $200 for filing fees, and Mac's Plumbing Service $547 for filing fees, but the court determined that "charges for postage and copies [were] unreasonable." Boe Electric and Mac's Plumbing Service argue on appeal that they are entitled to costs and disbursements for the amounts that they requested, but the district court awarded amounts that it deemed reasonable in light of its knowledge of the case. The district court did not abuse its discretion in awarding costs and disbursements.

**Affirmed in part, reversed in part, and remanded.**