**Maureen HASAN, Appellant,**

v.

**McDONALD'S CORPORATION, et al., Respondents.**

No. C1–85–1287.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Thomas J. Germscheid, St. Paul, for appellant.

Sean E. Hade, St. Paul, for respondents.

Heard, considered, and decided by RANDALL, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

RANDALL, Judge.

Appellant, Maureen Hasan, sued respondents for negligence. Respondents, McDonald's Corporation, Chadco Corporation, and Jay Chadema (collectively referred to as "McDonald's"), moved for summary judgment. Appellant then moved to compel answers to interrogatories and requests for production of documents. About two weeks previously, appellant had served interrogatories. Much discovery had taken place before these interrogatories were served. The trial court granted respondents' summary judgment motion and declared the motion to compel discovery moot. Hasan appeals from the summary judgment.

## FACTS

Several deposition transcripts exist but were never filed or otherwise before the district court. Both parties refer to the depositions in their briefs to this court as well as in their motions below. After this appeal was filed, the parties filed a stipulation in the district court that the four depositions "may be filed with the Clerk of District Court." The trial court then ordered that "pursuant to the stipulation of counsel * * *, the following depositions are made a part of the Supplemental Record in this matter."

The depositions were filed with the district court and delivered to this court. Counsel wish us to consider the depositions, and we must decide whether or not to do so.

## ISSUES

1. Are the deposition transcripts properly in the record before this court?

2. Did the court err in granting summary judgment?

3. Did the court err in granting summary judgment without first requiring responses to Hasan's outstanding discovery requests?

## ANALYSIS

### I.

*Deposition transcripts*

We cannot consider the deposition transcripts as part of the record on appeal. Because the depositions were not timely filed in the trial court, they are not part of the record on appeal. *See* Minn.R.Civ. App.P. 110.01. Were this court to consider the depositions, we would be reviewing a different case than the one before the trial court.

We cannot give effect to the trial court's order based on the stipulation of the parties. Pending an appeal, the trial court's jurisdiction is suspended unless the matter before it is not affected by or is independent from the judgment from which the appeal is taken. Minn.R.Civ.App.P. 108.03; *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 824–25 (Minn.1984). Since the

contents of this record on appeal from summary judgment are intertwined with the summary judgment being appealed, the trial court had no jurisdiction to order filing of the deposition transcripts.

## II.

*Summary judgment*

On a motion for summary judgment

[t]he district court must view the evidence in the light most favorable to the nonmoving party, and this court on appeal must view the evidence most favorable to the one against whom the motion was granted.

*Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982) (citations omitted). The trial court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03.

We analyze the following facts without regard to the depositions, relying on the affidavits, answers to interrogatories, and documents contained in the record. Where the parties quote depositions (in the briefs or in the motions below), we consider the quotations as part of the record. Uncontroverted statements in briefs also are considered.

Maureen Hasan slipped on a liquid and fell in the McDonald's on Wabasha Avenue in downtown St. Paul. This occurred at about 12:15 p.m. on a Friday.

The substance on which Hasan fell was dark. According to Maureen Hasan's affidavit, "It may have been dirty white milk. It also may have been a dirty vanilla shake or ice cream." According to appellant's brief, the substance could have been dirty or it could have been chocolate, or it could have been both chocolate and dirty. Whether the substance was ice cream or a shake, it had melted to a milk-like appearance.

In her affidavit, Terri Klegin stated that Hasan fell in a heavily-traveled aisle which leads directly from the counter to the Wabasha exit. All of the parties agree that Hasan fell during the noon hour, a time when the restaurant is always very busy.

The Wabasha McDonald's has shiny ceramic tile on its floor where Hasan fell. It is not anti-slip or abrasive tile. Abrasive tile of the same color is in the kitchen areas behind the counter. OSHA and some new building codes require anti-slip tiles in the kitchen areas and in some cases around the doors and counter areas.

The trial court found that "plaintiff is unable to show that the substance causing her to slip in defendant's business establishment was on the floor for a sufficient period of time to provide defendant with actual or constructive notice of its existence and an opportunity to correct the condition."

A. Hasan argues that evidence supports the inference that the liquid had been on the floor for a period of time sufficient to create McDonald's duty to clean it up. Hasan's own testimony supports two contradictory inferences: (1) the substance was liquid and dark because it had been there a long time (it was dirty and/or melted from ice cream form), or (2) the substance was liquid and dark because it was chocolate milk.

"All inferences from circumstantial evidence and all doubts must be resolved against the movant." *Forsblad v. Jepson,* 292 Minn. 458, 459–60, 195 N.W.2d 429, 430 (1972). Therefore, we examine the evidence tending to show that the substance was melted, dirty ice cream. Hasan has raised a genuine issue of material fact, i.e., whether or not the substance was on the floor a sufficient amount of time to give rise to a duty of McDonald's to have discovered it and cleaned it up before Hasan fell.

B. Hasan argues that evidence supports the inference that McDonald's breached its duty of reasonable care by failing to install anti-slip tiles in the area where Hasan fell. The trial court did not address this claim.

The evidence shows that Hasan fell in a heavily-traveled aisle, near a trash bin.

This could support an inference that spills of slippery substances frequently occur at that spot, that McDonald's should have known of the spills, and that McDonald's could have reduced the risk of slips by installing anti-slip abrasive tile.

The OSHA regulations further permit an inference that reasonable care requires installation of anti-slip tiles in areas of restaurants outside the kitchen if those areas are known to be heavily traveled and known to be areas where food or liquid are apt to be spilled. Hasan has raised a genuine issue of material fact as to whether McDonald's was negligent in failing to install abrasive anti-slip tiles where she fell.

McDonald's implies that Hasan can prevail only upon evidence that the substance was on the floor long enough to give McDonald's constructive notice of the spill. For purposes of surviving a motion for summary judgment, Hasan's burden is not that heavy.

In *Smith v. Kahler Corporation,* 297 Minn. 272, 211 N.W.2d 146 (1973), plaintiff tripped on a chair leg in a cocktail lounge and fell. The supreme court held that maintaining dim lighting alone could amount to negligence. *Id.* at 277–78, 211 N.W.2d at 150–51. Thus, the presence or absence of certain fixtures in a restaurant may constitute negligence on the part of the restaurant.

McDonald's argues that Hasan's earlier statements do not support the inference that the substance was melted ice cream, and that because her statements allegedly have changed, they do not make out a genuine issue of material fact. It may be true that Hasan herself is inconsistent in describing the substance. However, evaluation of her recollection, powers of observation, and truthfulness normally should be reserved for a jury, absent total incredibility.

Even if it is not certain that Hasan will prevail at trial, as long as she produces evidence supporting a finding of negligence, summary judgment should not be granted against her. *Lowry Hill Proper-*

*ties v. Ashbach Construction,* 291 Minn. 429, 439–40, 194 N.W.2d 767, 774 (1971).

### III.

*Outstanding discovery*

Hasan claims that the trial court erred in ruling on the summary judgment motion without first requiring responses to her outstanding discovery requests. The interrogatories concern the design and purchase of the different types of floor tiles used in the restaurant.

The Minnesota Supreme Court addressed the granting of continuances of summary judgment motions in order to conduct discovery in *Rice v. Perl,* 320 N.W.2d 407, 412 (Minn.1982). There is a presumption in favor of granting continuances to allow sufficient time for discovery. *Id.* Courts are to consider:

(1) Has plaintiff been diligent in obtaining or seeking discovery prior to its Rule 56.06 motion? and

(2) Is plaintiff seeking further discovery in the good faith belief that material facts will be uncovered, or is she merely engaging in a "fishing expedition?"

*Id.* The same test applies to Hasan's motion to compel discovery before the motion for summary judgment was considered. The better practice would have been for the trial court to apply the *Rice* test in ruling on Hasan's motion. In light of our reversal of the summary judgment motion, we need not decide this issue here.

### DECISION

1. The deposition transcripts are not part of the record on appeal because they were never filed in the district court or otherwise before the trial court. The district court did not have jurisdiction to order them to be a part of the record on appeal.

2. The trial court erred in granting summary judgment because appellant raised genuine issues of material fact in this negligence case.

Reversed.