Curtis A. VAN VICKLE, Plaintiff,

and

Langford Tool and Drill Co., Plaintiff in Intervention,

v.

C.W. SCHEURER AND SONS, INCORPORATED, Appellant.

KNUTSON CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff, Respondent,

v.

LANGFORD TOOL AND DRILL COMPANY, Third-Party Defendant.

No. C9–96–1257.

Court of Appeals of Minnesota.

Dec. 10, 1996.

Michael R. Quinlivan, Paul A. Banker, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for Appellant.

Mark A. Gwin, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for Respondent.

Considered and decided by SCHUMACHER, P.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

SCHUMACHER, Judge.

C.W. Scheurer and Sons, Incorporated appeals from summary judgment, arguing the district court erred as a matter of law in concluding that respondent Knutson Construction Company is entitled to indemnification from Scheurer for a personal injury claim of another subcontractor's employee. We affirm and remand.

## FACTS

In 1990, Mankato State University contracted with Knutson as general contractor for an expansion/renovation of the university's library. On October 26, 1990, Knutson entered into an Associated General Contractor's Standard Subcontract Agreement (the subcontract) with Scheurer whereby Scheurer would provide excavating services. Paragraph 7 of the subcontract provides that the subcontractor agrees

> [to] obtain, maintain and pay for such insurance as may be required by the General Contract, * * * and to furnish the Contractor satisfactory evidence that it has complied with this paragraph; * * *.

> The Subcontractor agrees to assume entire responsibility and liability, to the fullest extent permitted by law, for all damages or injury to all persons, whether employees or otherwise, * * * arising out of [the contract work], resulting from or in any manner connected with, the execution of the work provided for in this Subcontract and the Subcontractor, to the fullest extent permitted by law, agrees to indemnify and save harmless the Contractor, * * * from all such claims including, * * * claims for which the Contractor may be or may be claimed to be, liable and legal fees and disbursements paid or incurred to enforce the provisions of this paragraph and the Subcontractor further agrees to obtain, maintain and pay for such general liability insurance coverage and endorsements as will insure the provisions of this paragraph.

An addendum to the subcontract required Scheurer to provide personal injury liability insurance of $250,000 and a minimum umbrella liability limit of $3,000,000. Scheurer did not obtain the specified insurance limits and did not name Knutson as an additional insured in the policy.

On November 29, 1990, Curtis Van Vickle, an employee of Langford Tool & Drill Company, another Knutson subcontractor, fell into Scheurer's excavation pit and sustained injuries. The accident occurred as Van Vickle was standing on a temporary earthen ledge along one of the walls of the library.

Knutson did not have a written subcontract agreement with Langford.

Van Vickle brought an action against Knutson for his injuries. Langford intervened as plaintiff. Van Vickle named Scheurer as an additional defendant, and Knutson and Scheurer cross-claimed for indemnification. On December 2, 1993, Knutson tendered its defense of the Van Vickle case to Scheurer and Scheurer refused.

In the fall of 1995, Van Vickle's claims were settled. Knutson and Scheurer entered into a stipulation in order to facilitate settlement and preserve their cross-claims. Under the stipulation, Knutson and Scheurer were to each contribute equal amounts to the settlement. The parties would then resolve their cross-claims by cross-motions for summary judgment.

On November 15, 1995, the district court granted Knutson's motion for summary judgment, concluding that Van Vickle was injured on the job site, "[t]herefore, under the terms of Paragraph 7 of the subcontract, it is proper for Knutson to seek indemnity from Scheurer."

The district court ordered Scheurer to indemnify Knutson for the $75,000 Knutson paid toward the Van Vickle settlement and the $27,500 Knutson paid to Langford as plaintiff in intervention. The judgment also awarded Knutson $32,178.91 in attorney fees and costs incurred in defending Van Vickle's action and enforcing the indemnification agreement. The judgment finally provided for the recovery of accrued prejudgment interest, totalling $15,213.30. Scheurer appeals. Knutson also appeals, arguing it should recover greater attorney fees and costs for enforcing the indemnification and on appeal.

## ISSUES

1. Did the district court err in deciding Knutson was entitled to indemnification from Scheurer for the personal injury claim of another subcontractor's employee?

2. Is Knutson entitled to an award of attorney fees and costs incurred in defending the underlying claim and on appeal?

3. Did the district court administrator erroneously calculate prejudgment interest?

## ANALYSIS

 On appeal from a grant of summary judgment, we determine whether any genuine issues of material fact exist and whether the district court erred in its application of the law. Minn.R.Civ.P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We must view the evidence in the light most favorable to the party against whom the motion was granted, but need not defer to the district court's application of the law. *Offerdahl,* 426 N.W.2d at 427; *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Construction of a contract is a question of law for the court. *Hunt v. IBM Mid America Employees Fed. Credit Union,* 384 N.W.2d 853, 856 (Minn.1986).

 1. Scheurer argues that Paragraph 7 of the subcontract does not provide indemnification to Knutson for the personal injury claim of an employee of a different subcontractor. We disagree.

 Generally, agreements in building and construction contracts to indemnify the general contractor from liability for its own negligence are no longer enforceable in Minnesota. Minn.Stat. § 337.02 (1994); *Katzner v. Kelleher Constr.,* 545 N.W.2d 378, 381 (Minn. 1996). This prohibition "ensures that each party will remain responsible for its own negligent acts or omissions." *Katzner,* 545 N.W.2d at 381 (citing *Holmes v. Watson–Forsberg Co.,* 488 N.W.2d 473, 475 (Minn. 1992)). The legislature, however, provided a narrow exception to this prohibition. Subcontractors could agree to indemnify for a contractor's negligence where the subcontractor "agree[d] to provide specific insurance coverage for the benefit of others." Minn.Stat. § 337.05, subd. 1 (1994); *see also Katzner,* 545 N.W.2d at 381 (noting that, in *Holmes,* the court determined that "even

though an indemnification provision may be unenforceable under section 337.02, a promise to purchase insurance to cover any negligent acts by the [contractor] is valid and enforceable") (citing *Holmes,* 488 N.W.2d at 475).

In this case, Scheurer agreed in Paragraph 7 to indemnify Knutson for any claims which Knutson "may be or may be claimed to be" liable. While there has been no determination of Knutson's negligence, Van Vickle did "claim" Knutson was negligent. If this was all Scheurer had agreed to, then the agreement would be an unenforceable indemnification agreement under section 337.02.

Scheurer, however, also agreed to provide Knutson with insurance coverage for "all damages" to "all persons, whether employees or otherwise" "in any manner connected" to the work under the subcontract.[1] The agreement to provide insurance, therefore, converted Paragraph 7 from an unenforceable indemnification agreement to an enforceable insurance agreement allowed under section 337.05. *See Hurlburt v. Northern States Power Co.,* 549 N.W.2d 919, 923 (Minn.1996) (holding that similar language was "indeed an indemnity provision which [wa]s saved from invalidity only by its requirement that the indemnitor's contractually assumed liability be insured").

 The agreement to provide insurance for Scheurer's assumed liability is clear, unequivocal, and enforceable.[2] *See Holmes,* 488 N.W.2d at 474 (upholding indemnification where subcontractor agreed to provide insurance coverage for all damages and injuries, including "claims for which the Contractor may be or may be claimed to be" liable). We note that Scheurer's failure to include Knutson as an additional insured as required by the subcontract does not limit Knutson's ability to recover from Scheurer. *See* Minn.Stat. § 337.05, subd. 2 (1994) (providing that where indemnitor did not obtain the specified insurance, the indemnitee "shall have indem-

---

1. We conclude this language applies equally to employees of other subcontractors like Van Vickle.

2. We find no addendum or attachment that limits Scheurer's liability. *See Hurlburt,* 549 N.W.2d at 923 (holding valid an attachment to subcontract that limited indemnification to subcontractor's own negligence).

nification from the [indemnitor] to the same extent as the specified insurance").

■ 2. Scheurer argues that Knutson is only entitled to attorney fees and costs for enforcing indemnification, and not for the underlying defense of Van Vickle's personal injury claim. We disagree. In *Seifert v. Regents of Univ. of Minn.*, 505 N.W.2d 83 (Minn.App.1993), *review denied* (Minn. Oct. 28, 1993), we upheld an award of attorney fees and costs for defending the underlying negligence action. *Id.* at 86–87. The only requirement was that defense of the underlying action must have been tendered and refused. *Id.; see also Hill v. Okay Constr. Co.*, 312 Minn. 324, 346, 252 N.W.2d 107, 121 (1977).

■ The reasonable value of attorney fees is a question of fact and we must uphold the district court's findings on that issue unless they are clearly erroneous. *Amerman v. Lakeland Dev. Corp.*, 295 Minn. 536, 537, 203 N.W.2d 400, 400–01 (1973). Here, Knutson tendered defense of the underlying claim and Scheurer refused. Knutson submitted detailed affidavits and billing statements. The district court's award of attorney fees and costs is not clearly erroneous.

■ Knutson argues that the court erred in not awarding fees and costs it incurred in its postjudgment motion to prove the amounts recoverable under the indemnification agreement. These fees and costs were incurred in enforcing indemnification. We find, therefore, that Knutson is entitled to recovery, and we remand this matter to the district court.

■ Knutson argues it is entitled to attorney fees and costs on appeal. Attorney fees are recoverable if specifically authorized by contract or statute. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). The award of attorney fees on appeal rests within the broad discretion of the appellate court. *See Fabio v. Bellomo*, 489 N.W.2d 241, 246 (Minn.App.1992), *aff'd*, 504 N.W.2d 758 (Minn.1993). In making an award of attorney fees, this court will consider a num-ber of factors, including the time and effort required of the attorney, the complexity of the issues, the value of the interest involved, and the results secured. *Jadwin v. Kasal*, 318 N.W.2d 844, 848 (Minn.1982).

While Minn.Stat. ch. 337 does not discuss the recovery of attorney fees on appeal, the indemnification agreement authorizes the recovery of attorney fees. Knutson was required to defend its right to indemnification on appeal in a fairly complex case. We conclude that under the indemnification agreement, Knutson is entitled to recover attorney fees and costs on appeal. Knutson should submit an affidavit of fees and costs incurred on appeal within 10 days of the filing of this opinion. A further order of the court will address attorney fees and costs.

■ 3. Scheurer argues that the district court administrator erred in calculating prejudgment interest. Knutson submitted an interest calculation of $5,936.44 to the district court administrator. The district court administrator calculated the prejudgment interest at $15,213.30. The parties agreed at oral argument that the district court administrator erroneously calculated prejudgment interest on the whole judgment. Prejudgment interest should have been calculated from the date each bill was incurred. Knutson's calculation schedule reflects the correct method. We remand to the trial court for recalculation of prejudgment interest.

### DECISION

We conclude that Knutson is entitled to indemnification from Scheurer. We remand the issues of attorney fees and costs and for a recalculation of prejudgment interest.

**Affirmed and remanded.**