ASIAN WOMEN UNITED OF
MINNESOTA, Respondent,

v.

Sinuon LEIENDECKER, Appellant.

No. A10–402.

Court of Appeals of Minnesota.

Oct. 19, 2010.

Frank T. Mabley, Greenstein Mabley & Wall, LLC, Roseville, MN, for respondent.

Thomas Gunther, Virnig & Gunther Law Office, PLLC, Minneapolis, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and LARKIN, Judge.

## OPINION

PETERSON, Judge.

This appeal is from a district court order denying appellant's request for an advance from respondent corporation, her former employer, to fund her defense of claims that respondent asserted against her. Because the district court did not make an independent determination of whether appellant is entitled to an advance, we reverse and remand.

## FACTS

Appellant Sinuon Leiendecker is a former executive director for respondent Asian Women United of Minnesota (AWUM), a Minnesota nonprofit corporation. The facts underlying her employment and the termination of her employment are discussed in *Leiendecker v. Asian Women United of Minn.*, 731 N.W.2d 836 (Minn.App.2007), *review denied* (Minn. Aug. 7, 2007). The parties have been involved in litigation with each other since 2004. In this, the third action between the parties, AWUM seeks to recover allegedly unauthorized salary paid to Leiendecker, under theories of conversion, fraud, breach of fiduciary duty, and breach of contract. Leiendecker asserts a counterclaim for indemnification under AWUM's corporate bylaws.

Leiendecker moved to dismiss AWUM's claims, asserting that, under the doctrine of res judicata, they are barred by a judgment in one of the previous actions. The district court denied that motion, and Leiendecker petitioned this court for a writ of mandamus or prohibition. This court denied the petition, explaining that Leiendecker will have an adequate legal remedy in an appeal from final judgment.

Leiendecker then moved in the district court for advanced indemnification and default judgment on the indemnification

counterclaim, which AWUM had not answered. In response to Leiendecker's motions, AWUM answered the counterclaim and moved for partial summary judgment, asserting that, by virtue of her alleged conduct, Leiendecker could not meet the requirements for indemnification as a matter of law. The district court denied both parties' motions, and Leiendecker appeals, challenging the denial of her motions for advanced indemnification and default judgment and the district court's previous order denying dismissal on res judicata grounds.

## ISSUE

Did the district court err by denying Leiendecker's request for an indemnification advance?

## ANALYSIS

### I.

■■■ As a threshold matter, we conclude that, despite its interlocutory nature, the district court's order denying an indemnification advance is appealable under the collateral-order doctrine. *See Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 240 (Minn.2002) (holding appeal available under collateral-order doctrine when the order being appealed (1) conclusively decides the question in dispute, (2) resolves an important issue that is completely separate from the merits of the action, and (3) is in effect unreviewable on appeal from a final judgment). An indemnification advance, also called advancement, is distinct from ultimate indemnification in that advancement "provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden" of defending against litigation. *Homestore, Inc. v. Tafeen,* 888 A.2d 204, 211 (Del.2005) (*Homestore II* ). Thus, the order denying advancement effectively is unreviewable on appeal from final judgment. *See Home-*

*store, Inc. v. Tafeen,* 886 A.2d 502, 505 (Del.2005) (*Homestore I* ) ("Clearly, to be of any value ... advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford.").

■■■ However, in addition to the denial of advancement, Leiendecker also challenges the district court's denial of her motions to dismiss this action under the doctrine of res judicata and for default judgment on her indemnification counterclaim. We conclude that these additional issues are outside the scope of our review. As this court observed when denying Leiendecker's earlier petition for an extraordinary writ, review of the res judicata issue will be available on appeal from a final judgment. The default-judgment issue may also be reviewed in an appeal from a final judgment. Because these issues are severable from the advancement issue, we limit our review in this appeal to determining whether the district court erred by denying an indemnification advance. *See Meier v. City of Columbia Heights,* 686 N.W.2d 858, 863 (Minn.App. 2004) (observing that scope of review on appeal from order denying immunity is limited to issues inextricably intertwined with immunity), *review denied* (Minn. Dec. 14, 2004); *see also Kastner,* 646 N.W.2d at 240 (holding that order denying immunity was appealable under collateral-order doctrine).

### II.

The advancement issue requires construction of both the Minnesota Nonprofit Corporation Act (MNCA), specifically Minn.Stat. § 317A.521 (2008), and AWUM's corporate bylaws. Both are issues of law subject to de novo review. *See*

*Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 324 (Minn.2004) (stating that de novo standard of review applies to construction of statutes and contracts); *Isaacs v. Am. Iron & Steel Co.,* 690 N.W.2d 373, 376 (Minn.App.2004) ("We construe bylaws according to rules governing the construction of contracts and statutes."), *review denied* (Minn. Apr. 19, 2005).

Our goal in interpreting statutes "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). If the language of a statute is clear and unambiguous, we apply its plain meaning. *Id.; Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010). Similarly, "[t]he plain and ordinary meaning of the contract language controls, unless the language is ambiguous." *Business Bank v. Hanson,* 769 N.W.2d 285, 288 (Minn.2009).

Indemnification and advancement are distinct concepts. *See Homestore II,* 888 A.2d at 212 (explaining that, "[a]lthough the right to indemnification and advancement are correlative, they are separate and distinct legal actions"). *See generally* Richard A. Rossman, et al., *A Primer on Advancement of Defense Costs: The Rights and Duties of Officers and Corporations,* 85 U. Det. Mercy L.Rev. 29 (2007–2008) [hereinafter *Primer on Advancement* ] (contrasting two concepts). Indemnification "refers to the right of the [corporate officials] to be reimbursed for all losses (including defense costs) that were incurred by them in legal or administrative proceedings related to their job responsibilities." *Primer on Advancement, supra,* at 30–31 (footnote omitted). The right to indemnification cannot be determined until the legal proceedings have concluded. *Homestore II,* 888 A.2d at 211. Advancement refers to the right to "immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings." *Id.* Thus, advancement has been described as "simply a decision to advance credit." *Neal v. Neumann Med. Ctr.,* 667 A.2d 479, 483 (Pa. Commw.Ct.1995) (quotation omitted); *see also Homestore II,* 888 A.2d at 212 ("The right to advancement is not dependent on the right to indemnification.")

The MNCA provides for both indemnification and advances for corporate directors, officers, and employees. Minn. Stat. § 317A.521, subds. 2–3. Indemnification is available to an employee "made or threatened to be made a party to a [civil] proceeding by reason of the former or present official capacity of the person" if that person (1) has not been otherwise indemnified; (2) acted in good faith; (3) received no improper personal benefit; and (4) reasonably believed that the challenged conduct was in the best interests of the corporation. *Id.* subd. 2(a)(1)-(3), (5); *see also id.,* subd. 1(c)(2), (d) (defining "official capacity" and "proceeding").

With respect to advances, the MNCA provides that

> if a person is made or threatened to be made a party to a proceeding, the person is entitled, upon written request to the corporation, to payment or reimbursement by the corporation of reasonable expenses, including attorneys fees and disbursements, incurred by the person in advance of the final disposition of the proceeding:
>
> (1) upon receipt by the corporation of a written affirmation by the person of a good faith belief that the criteria for indemnification in subdivision 2 have been satisfied and a written undertaking by the person to repay the amounts paid or reimbursed by the corporation, if it is

determined that the criteria for indemnification have not been satisfied; and

(2) after a determination that the facts then known to those making the determination would not preclude indemnification under this section.

Minn.Stat. § 317A.521, subd. 3. The MNCA allows a corporation to adopt a different policy with respect to indemnification and advancement through its articles or bylaws:

The articles or bylaws may prohibit indemnification or advances of expenses required by this section or may impose conditions on indemnification or advances of expenses in addition to the conditions contained in subsections 2 and 3 including, without limitation, monetary limits on indemnification or advances of expenses, if the conditions apply equally to all persons or to all persons within a given class.

*Id.* subd. 4.

■ Read together, these sections of the MNCA provide that, unless otherwise specified in a corporation's articles of incorporation or bylaws, indemnification and advancement are mandatory when the statutory requirements are met. *See Barry v. Barry,* 824 F.Supp. 178, 181, 183 (D.Minn.1993) (characterizing substantially identical indemnification language in Minnesota Business Corporation Act, Minn.Stat. § 302A.521, subd. 3, as providing presumption of mandatory indemnification, subject to alteration by corporate articles or bylaws), *aff'd,* 28 F.3d 848 (8th Cir.1994).

AWUM's bylaws adopt the mandatory indemnification and advancement language of the MNCA without imposing any conditions in addition to the statutory conditions. Leiendecker, who is sued by reason of her former official capacity as executive director, submitted to AWUM the required affirmation of good faith and writ-

ten undertaking to repay the funds in the event that indemnification ultimately is denied. Accordingly, Leiendecker has met the requirements of Minn.Stat. § 317A.521, subd. 3(1). But to conclude that Leiendecker is entitled to advancement, it must also be determined under Minn.Stat. § 317A.521, subd. 3(2), that known facts would not preclude indemnification for Leiendecker under section 317A.521.

Under the statute, the determination whether a person is eligible for advancement must first be made by the corporation using one of the methods set forth in Minn.Stat. § 317A.521, subd. 6(a)(1)-(4), (b). If an adverse determination is made using any of these methods, the determination whether the person is eligible for advancement must be made "by a court in this state, . . . upon application of the person and notice the court requires." Minn. Stat. § 317A.521, subd. 6(a)(5). Consistent with these statutory requirements, AWUM determined that Leiendecker was not eligible for advancement, and Leiendecker brought a motion in the district court seeking a determination whether she is eligible for advancement.

■ The MNCA does not specify what procedure is to be followed in the district court to determine whether a person is eligible for advancement, but the reporter's notes for section 317A.521 state that the section "is identical to the provisions in former law for both nonprofit corporations and business corporations." Minn.Stat. Ann. § 317A.521 reporter's notes—1989–1990 at 121 (West 2004). And the reporter's notes for Minn.Stat. § 302A.521, the parallel provision in the Minnesota Business Corporation Act, states, "If it is determined that the person is not eligible for indemnification . . . that person may petition a court of competent jurisdiction for

an independent determination of whether or not the [indemnification] criteria have been satisfied and eligibility for indemnification exists." Minn.Stat. Ann. § 317A.521 reporter's notes—1981 at 536–37 (West 2004). Based on these reporter's notes and the similar purposes and language of the two corporations acts, we conclude that when Leiendecker brought her motion in the district court seeking a determination whether she is eligible for advancement, the district court needed to make an independent determination whether AWUM had received Leiendecker's written affirmation and written undertaking as required under Minn.Stat. § 317A.521, subd. 3(1), and whether the facts then known to the district court would not preclude indemnification under section 317A.521.

The district court did not make these independent determinations because it concluded that it would be unfair to require AWUM to fund Leiendecker's defense of the corporation's action against her. The court reasoned:

> Under [Leiendecker's] theory, any time a party is accused of stealing from an employer and a civil action is brought to recover, the employer would have the obligation to pay the accused's attorneys fees in defense of the allegations. This assertion defies logic and common sense.

■ But the advancement requirements in Minn.Stat. § 317A.521, subd. 3, apply "if a person is made or threatened to be made a party to a proceeding," and, for purposes of section 317A.521, " '[p]roceeding' means a threatened, pending, or completed civil, criminal, administrative, arbitration, or investigative proceeding, *including a proceeding by* or in the right of *the corporation.*" Minn.Stat. 317A.521, subd. 1(d) (2008) (emphasis added). Thus, under the plain language of the statute, the advancement requirement applies to a civil pro-

ceeding by the corporation. Courts are bound by the statutes as written and may not supply by construction "that which the legislature purposefully omits or inadvertently overlooks." *Martinco v. Hastings,* 265 Minn. 490, 497, 122 N.W.2d 631, 638 (1963). The district court erred to the extent that it construed Minn.Stat. § 317A.521, subd. 3, to not apply to an action brought by the corporation.

Because the district court erred when it determined that Minn.Stat. § 317A.521, subd. 3, does not apply to this action, we reverse the denial of Leiendecker's request for advancement and remand to permit the district court to make an independent determination under Minn.Stat. § 317A.521, subd. 6(a)(5), as to whether Leiendecker meets the statutory requirements for advancement under Minn.Stat. § 317A.521, subd. 3. It appears that because the district court determined that Minn.Stat. § 317A.521, subd. 3, does not apply to this action, the district court did not address Leiendecker's argument that the doctrine of collateral estoppels bars AWUM's denial of advanced indemnification. We decline to address this argument for the first time on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that reviewing court must limit itself to considering "only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it" (quotation omitted)).

## DECISION

Because Minn.Stat. § 317A.521, subd. 3, applies to this proceeding, we reverse the denial of Leiendecker's request for advancement and remand to permit the district court to independently determine under Minn.Stat. § 317A.521, subd. 6(a)(5), whether Leiendecker meets the statutory

requirements for advancement under Minn.Stat. § 317A.521, subd. 3.

**Reversed and remanded.**