*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1548**

Janice M. Halverson,
Appellant,

vs.

Elm Creek Courthome Association,
Respondent.

**Filed July 18, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CV-14-12517

Janice M. Halverson, Champlin, Minnesota (pro se appellant)

Nathan J. Knoernschild, Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

# UNPUBLISHED OPINION

**PETERSON**, Judge

This appeal is from a summary judgment dismissing an action by appellant-unit owner seeking to recover attorney fees assessed by respondent-association against appellant's unit. We affirm.

**FACTS**

Appellant Janice Halverson owned a home located in the common interest community (CIC) governed by respondent Elm Creek Courthome Association, Inc. Appellant's son, Dennis Halverson, resided in the home with appellant. During 2010 and 2011, Dennis Halverson repeatedly engaged in harassing behavior toward respondent's property manager and three members of its board of directors. In 2005, Dennis Halverson had sent the property manager daily harassing e-mails, and the property manager sent Dennis Halverson a letter instructing him to stop the harassment. At that time, the property manager also sent appellant a letter stating that he would only accept verbal communications from her so he could verify that the communication was coming from appellant and not from Dennis Halverson.

In April 2011, the board determined that Dennis Halverson was harassing the property manager and the three board members. The board determined that the harassment was occurring within the CIC and was due to the property manager's and the board members' involvement with respondent. The board retained an attorney to assist it in stopping the harassing behavior. The attorney sent appellant a letter advising her about Dennis Halverson's harassing behavior and stating that, if the harassment continued, the board would consider seeking harassment restraining orders (HROs) against Dennis Halverson and that the costs would be assessed against appellant's unit. The attorney also sent Dennis Halverson a letter instructing him to stop the harassing behavior and warning him that the board would pursue HROs against him and assess the costs against appellant's unit if the harassment continued. The harassment continued, and the board believed that

2

appellant was acting in conjunction with Dennis Halverson, supporting his actions, and allowing him to contact the board on her behalf despite the board's requests that he not do so. The board decided to pursue HROs against Dennis Halverson on behalf of the three board members and the property manager.

In July 2011, the attorney filed four petitions in the district court seeking HROs against Dennis Halverson on behalf of the property manager, the three board members, and respondent. The petitions included affidavits by the property manager and each of the board members detailing Dennis Halverson's harassing behavior and its negative effect on the property manager's and the board members' feelings of safety, security, and privacy. The district court stated its preference that the individuals seek their own HROs and dismissed respondent from the HRO proceedings, but the court granted initial HROs to the property manager and the board members. Dennis Halverson challenged the HROs. The property manager and two board members pursued their petitions for HROs against Dennis Halverson, and, following a trial, the district court granted the petitions.

Respondent assessed the attorney fees incurred in obtaining the HROs against appellant's unit. Appellant paid the assessment but brought two conciliation court claims seeking to recover the assessment from respondent. The conciliation court denied appellant's claims, and appellant appealed to the district court. The district court consolidated the cases and granted summary judgment for respondent. The court explained:

> There is no dispute as to any material fact pertinent to the case at hand. [Appellant] failed to abide by [respondent's] rules and regulations for unit owners when she allowed

3

[Dennis] Halverson, an occupant in her home, to continually harass [respondent's] employee and board members. The fact that [respondent] was not a party to the individual HRO actions does not bar it from assessing fees against [appellant]. The individuals who obtained HROs did so to enforce [respondent's] rules and regulations against harmful and offensive activities that create a nuisance in the [CIC]. [Respondent's] governing documents expressly allow it to assess any fees or costs associated with enforcing the declaration or rules and regulations against the offending unit owner.

This appeal followed.

## DECISION

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. We review the district court's grant of summary judgment de novo, to determine whether there are genuine issues of material fact and whether the district court erred in applying the law. *Mattson Ridge, LLC v. Clear Rock Title, LLP*, 824 N.W.2d 622, 627 (Minn. 2012). "We view the evidence in the light most favorable to the party against whom summary judgment was granted. *STAR Ctrs. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002).

"Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald,* 629 N .W.2d 115, 119 (Minn. App. 2001). "An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on

4

mere inspection." *State v. Wembley,* 712 N.W.2d 783, 795 (Minn. App. 2006) (quotation omitted), *aff'd,* 728 N.W.2d 243 (Minn. 2007).

Appellant asserts that because respondent was dismissed from the HRO proceedings and one of the board members withdrew his HRO petition before trial, Dennis Halverson prevailed, in part, in the HRO proceedings and, therefore, the district court erred in granting summary judgment for respondent in the current action. Appellant cites no association rules or legal authority and makes no argument supporting this assertion, and the record does not support the assertion. Rather, (1) respondent was initially a petitioner in the HRO proceeding, but the district court requested that each affected board member submit an individual petition and dismissed respondent from the HRO proceeding; (2) the HRO proceeding continued on behalf of the individual petitioners; and (3) the board member who withdrew his petition did so because he moved out of the CIC. Appellant asserts in her reply brief that the HRO petitions lacked merit because the supporting affidavits contained "numerous amounts of perjury," but the merits of those proceedings are not at issue in this appeal.

"Attorney fees are recoverable if specifically authorized by contract or statute." *Horodenski v. Lyndale Green Townhome Ass'n*, 804 N.W.2d 366, 371 (Minn. App. 2011) (quotation omitted). The Minnesota Common Interest Ownership Act provides that "reasonable attorneys fees and costs incurred by the association in connection with . . . the enforcement of this chapter, the articles, bylaws, declaration, or rules and regulations, against a unit owner, may be assessed against the unit owner's unit." Minn. Stat. § 515B.3-

5

115(e)(4)(ii) (2014). This statutory provision does not require an association to initiate a legal action to recover attorney fees. *Horodenski*, 804 N.W.2d at 371-72.

Respondent's declaration states that no unit shall "be used in any way or for any purpose which may endanger the health or unreasonably disturb the residents of the CIC." Respondent's rules and regulations state that "[n]o harmful or offensive activity shall occur in any Unit or Garage, or in the Common Elements which may become an annoyance or nuisance to others, or interfere with the rights, comfort or convenience of other people." "Orderly conduct must be maintained on the Property by all Residents and visitors." "All rules, regulations and restrictions of the [respondent] apply to all residents, renters as well as owners." "The Unit Owner is responsible for the actions of all Unit residents, visitors and guests. This includes the payment of any fines assessed, and the repair costs of any damages caused to the Common Elements." These provisions prohibit harassing behavior by a unit resident and make the unit owner responsible for the resident's conduct, and appellant does not dispute that she was aware of Dennis Halverson's conduct and failed to act to stop it. The HRO proceedings were brought to enforce these provisions, and Minn. Stat**.** § 515B.3-115(e)(4)(ii) specifically permits the assessment of attorney fees incurred by the association to enforce its declaration and rules and regulations against the unit owner's unit. Because an assessment of attorney fees against a unit is authorized by statute, no error is obvious on mere inspection, and we cannot conclude that the district court erred in granting summary judgment for respondent.

**Affirmed.**

6